EUFRASIA GENTILI, executrix and trustee, & another[1] *vs.* COLONIAL MOTEL, INC. No. 88-P-970. June 1, 1989. *Negotiable Instruments*, Payment. *Practice, Civil*, Offer of judgment, Costs, Frivolous action, Appeal.

Concerning the merits, we affirm the judgment on the grounds set forth in the well-reasoned memorandum of decision written by the Superior Court judge. As that memorandum states, there is no occasion for invoking the formidable equitable remedy of rescission for the reason, if no other, that the defendant, in accordance with its June 11, 1986, agreement with the plaintiffs, exercised its right to tender full payment of the promissory note dated July 16, 1976, a tender which the plaintiffs spurned. The note had been given by the defendant to the plaintiffs' testator in payment for all his stock in the defendant. Payment of the note had been partly secured by a pledge of stock. Any failure by the defendant to comply with every detail of its obligations under an accompanying stock pledge agreement was rendered academic by the tender of payment of the note. At no time has the defendant been in default of any payment obligation under the note.

The case pressed by the plaintiffs in the Superior Court and the appeal brought from the judgment are frivolous. Indeed, this litigation is a variant of an action, arising out of the same commercial setting, which the plaintiffs lost at the trial level and on an appeal to this court. In that earlier case, the plaintiffs sought as relief what the judge ordered in the instant case: the early payment of the note of July 16, 1976. We disposed of the previous appeal by an unpublished memorandum under our summary disposition rule (Appeals Court Rule 1:28). We would dispose of this appeal in summary fashion, but for a request by the defendant for costs under an infrequently used rule of procedure, Mass.R.Civ.P. 68, 365 Mass. 835 (1974).

After initiation of the action by the plaintiffs, the defendant corporation twice served upon the plaintiffs an offer of judgment under rule 68 to allow judgment to be taken against the defendant for the principal balance of the note held by the plaintiffs, plus any unpaid interest. The money portion of the judgment is essentially for that amount. Under rule 68, if the judgment is not more favorable than the offer under the rule, "the offeree must pay

---

[1] The action is by Eufrasia Gentili, as executrix of the estate of Renato Gentili and as trustee of the Renato Gentili trust, and Fulvio Joseph Gentili, as trustee of the Renato Gentili trust.

the costs incurred after the making of the offer." The rule confers the right to make an offer of settlement on "a party defending against a claim." The relief sought by the plaintiffs was rescission of the purchase by the corporation of the testator's stock, together with certain legal costs. So much of the judgment as declared that the defendant Colonial Motel, Inc., is entitled to prepay the note to Renato Gentili, interest to cease accruing as of December 31, 1987, stemmed from the defendant's counterclaim. As to that counterclaim, Colonial Motel, Inc., was not a party defending against a claim; it was the plaintiff. Colonial Motel, Inc., may not, therefore, obtain costs under rule 68. See *Bird* v. *Bird*, 24 Mass. App. Ct. 362, 365 n.3 (1987). See generally, *Delta Airlines, Inc.* v. *August*, 450 U.S. 346, 350 (1981).

Touching on the costs of the appeal, Colonial Motel, Inc., has asked for the imposition of costs and fees under Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979). See *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-458 (1984), and authorities there collected. The case argued by the plaintiffs does not strike us as "novel, unusual, or ingenious," *id.* at 458; it is dogged and rigid. Colonial Motel, Inc., is entitled to and may apply to a single justice of this court for double costs and reasonable attorneys fees attendant on the appeal. See *Allen* v. *Batchelder*, *supra*, at 457-460.

The judgment of the Superior Court is affirmed.

*So ordered.*

*Robert L. Bouley*, for the plaintiffs.
*John O. Mirick* for the defendant.