Wadie I. SAID, Plaintiff,

v.

**VIRGINIA COMMONWEALTH UNIVERSITY/MEDICAL COLLEGE OF VIRGINIA, et al., Defendants.**

No. CA 89–00526–R.

United States District Court, E.D. Virginia, Richmond Division.

March 5, 1990.

James B. Thorsen, P.C., Thorsen & Page, Richmond, Va., for plaintiff.

Caroline Lockerby, David L. Ross, General Counsel and Sp. Asst. Atty. Gen., Virginia Com. University, Richmond, Va., for defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This case is before the Court on the plaintiff's petition for attorney's fees and costs and the defendants' motions to strike its offer of judgment and to reset this case for trial. For the reasons stated below, the plaintiff's petition is GRANTED AS MODIFIED and the defendants' motions are DENIED.

### I.

Wadie I. Said worked in the Department of Pathology of the Virginia Commonwealth University/Medical College of Virginia Hospitals (MCV) from January 1972 through November 30, 1988. At the end of his tenure there, Mr. Said was a Medical Technologist Senior conducting paternity testing services. In October of 1988, Said was notified by Dr. George Vennart, the Chairman of the Department of Pathology and a defendant in this suit, that his position was being abolished because of financial problems at the hospital.

In this lawsuit, Mr. Said alleges that his position was eliminated in retaliation for his prior complaints of discrimination filed with the EEOC and in federal court, in retaliation for his exercise of his first amendment rights in discussing financial irregularities in the paternity testing lab, and because of his national origin. After some of the counts of his complaint were dismissed by agreement of the parties, this case was scheduled for a trial to begin on February 27, 1990. The plaintiff's remaining claims asserted causes of action against Dr. Vennart in his individual capacity under 42 U.S.C. § 1983, and against MCV under Title VII, 42 U.S.C. § 2000e-3.

After a deposition held on February 12, 1990, counsel for both sides met to discuss settlement of this case. The defendants offered a $5,000 lump sum settlement, but

counsel for the plaintiff stated that his client would be unlikely to accept that offer because his attorney's fees already exceeded that amount. No further action was taken on that settlement offer.

On February 14, 1990, the defendants made a Rule 68 offer of judgment for $5,000 "together with costs accrued to this date." The plaintiff accepted that offer on February 23, 1990, and filed a contemporaneous petition for his attorney's fees and costs in this litigation. Specifically, the plaintiff asked that the Court order judgment to be entered against the defendants for the $5,000 plus $8,606.95 in costs. His itemized petition for costs includes $7,285.50 in attorney's fees and costs, $1,111.45 court reporter fees for deposition transcripts, $120 for service of summons and the complaint, and $90 in filing charges.

The defendants then moved to strike their offer of judgment and the acceptance, and to reset this case for trial. In support of this motion, they allege that their offer of $5,000 was intended to include all recoverable costs and attorney's fees, and that plaintiff's counsel understood this to be their intention. Therefore, the defendants argue that the acceptance of the offer was invalid because there was no "meeting of the minds" as to the terms of that offer. Further, they assert that their attorney's authority to compromise this case on the behalf of the Attorney General of Virginia was limited to $5,000, and that an offer made for more than that amount would be an ultra vires act by which the Commonwealth and its divisions could not be bound.

## II.

█ The defendants' argument that the offer of judgment was invalid because it constituted an ultra vires contract by which the Commonwealth cannot be bound is without merit. Virginia has given its assistant Attorneys General substantial authority to settle cases like this one:

[W]hen any dispute, claim, or controversy involves the interests of any department, institution, division, board or bureau of the Commonwealth, and the amount in dispute does not exceed $50,000, the Attorney General or an assistant Attorney General assigned to such department, institution, division, board or bureau shall have the authority to compromise and settle or discharge the same provided such action is approved by the head of the department, institution, division, board or bureau whose interests are in issue.

Va.Code § 2.1–127 (Supp.1989). The amount in dispute in this claim is well under $50,000, and the Commonwealth has not argued that the head of the institution involved here did not approve this settlement. Therefore, the assistant Attorney General involved in this case *did* have the statutory authority to enter into this settlement, and her offer of judgment was not an ultra vires contract that was void *ab initio*. *Cf. Richard L. Deal & Assoc. v. Commonwealth*, 224 Va. 618, 299 S.E.2d 346 (1983).

Nevertheless, counsel for the defendants asserts that her authority to settle this case was limited to $5,000. Her offer of judgment, however, was for $5,000 "with costs accrued." Whether "costs" is interpreted to include attorney's fees or not, it was clearly her intention that the ultimate payment by the Commonwealth to this plaintiff would be over $5,000. Her signature on the offer of judgment and the statutory language cited above belie her assertion that her authority was limited to $5,000 in total payment. The Court finds that her settlement authority extended to $5,000 "with costs accrued," and the judgment imposed below is consistent with that authority.[1]

## III.

█ Turning to the defendants' Rule 68 argument, it is important to realize that

---

1. Whether the assistant Attorney General's offer exceeded the amount her supervisor had approved for this litigation is an internal matter for the Attorney General's office to resolve and is irrelevant to the issue currently before this Court. Litigants opposing the Commonwealth are entitled to rely on the settlement representations of its assistant Attorneys General when they are within the authority granted to those individuals by Va. Code § 2.1–127.

there are a number of ways to structure a negotiated settlement of an ongoing case. A normal settlement agreement is in nearly all respects just a garden-variety contract. Therefore, in order for a normal settlement to be effective, it must comply with the normal rules of contract law, and there must be a "meeting of the minds" as to the terms of the agreement. *See, e.g., Cruz v. Pacific Am. Ins. Corp.*, 337 F.2d 746, 749 (9th Cir.1964).

A Rule 68 offer of judgment, though, has characteristics that distinguish it from a normal contract. When a defending party chooses to couch its settlement offer in terms of a Rule 68 offer of judgment, it is taking advantage of certain tactical advantages not available to the normal offeror. Under the terms of Rule 68, if a timely offer of judgment is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68. Unlike the offeree of an ordinary contract, the Rule 68 offeree is bound by an offer of judgment whether it is accepted or not.

A normal final settlement offer, then, is like an ordinary contract offer in that it leaves the offeree two options: accept it on its terms, or reject it and run the risk of receiving a lesser judgment at trial. A Rule 68 offer of judgment, on the other hand, presents a more draconian choice to the plaintiff: accept it on its terms, or go to trial and run the risk of obtaining a less favorable judgment *and* paying the defending party's post-offer costs.

■ In civil rights cases the situation is slightly different, but the tactical advantage of a Rule 68 offer is fundamentally the same. A defendant to a civil rights claim can only recover his own attorney's fees when the plaintiff's case is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). This is true whether a Rule 68 offer of judgment is made or not. However, a civil rights defendant who makes a Rule 68 offer of judgment can recover other post-offer costs if the plain-

tiff later receives a judgment less favorable than that offer. *O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir.1989); *Crossman v. Marcoccio*, 806 F.2d 329, 334 (1st Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). In addition, such an offer cuts off a civil rights claimant's entitlement to post-offer attorney's fees which would otherwise be recoverable under 42 U.S.C. § 1988 unless the plaintiff goes on to obtain a more favorable judgment. *Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985).

■ Because of the difficulty of the choice that an offer of judgment requires a claimant to make, it is essential that he be able to discern with certainty what the precise terms of that offer are. When an offer of judgment uses terms of art, a claimant must be allowed to make his acceptance decision based on the interpretation those terms are commonly given. To allow a Rule 68 offeror to inject ambiguities into its offer after the fact would be tantamount to requiring the offeree to guess what meaning a court will give to the terms of that offer before deciding whether to accept it or not. This is an acceptable dilemma for the ordinary contract offeree because he can simply refuse the offer or make a counteroffer to assure that he has not bound himself to terms that will later turn out to be unfavorable. Because the Rule 68 offeree does not have that luxury, he is entitled to construe the offer's terms strictly, and courts should be reluctant to allow the offeror's extrinsic evidence to affect that construction. *Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 719–20 (N.D.Ill.1988) (refusing to apply normal principles of contract law to a dispute regarding a Rule 68 offer of judgment). *But see Johnson v. University College*, 706 F.2d 1205, 1209 (11th Cir.) (affirming the district court's application of traditional concepts of contract law to a Rule 68 offer), *cert denied*, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983).

■ Therefore, when an offeree accepts a Rule 68 offer stating that judgment shall be entered in a certain amount with

costs accrued, the Court will not look to the history of negotiations between the parties to divine their intent as to whether attorney's fees are included within that offer. Rather, this Court will look to the substantive law of the plaintiff's claim to determine what constitutes the pre-offer "costs" he is entitled to. *See Shorter,* 678 F.Supp. 714 at 720–21 (attorney's fees recoverable when underlying substantive law defines them "costs"). When attorney's fees are part of the costs a plaintiff is entitled to recover, a Rule 68 offer will be construed to allow that plaintiff to accept the offer and seek attorney's fees unless the offeror has specifically stated that accrued attorney's fees are included in his offer. *See Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985) (unless an offer of judgment recites that costs are included, the court is to include an additional amount in the judgment to cover them); *Tyler v. Meola,* 113 F.R.D. 184, 186 (N.D. Ohio 1986) ("unlike the normal settlement situation, it is incumbent upon the movant under Rule 68 to expressly state that the offer of judgment figure includes an amount settling any claims for attorney fees").

■ In suits filed under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e *et seq.,* "costs" include reasonable attorney's fees. *See Marek,* 473 U.S. at 6, 105 S.Ct. 3012 at 3015. Therefore, where a civil rights plaintiff accepts a Rule 68 offer of judgment that does not specify whether attorney's fees are included in the offered amount, he shall be entitled to recover his costs, including attorney's fees. This recovery is limited, though, to the costs that had accrued up to the time that offer was made. *Cf. id.* (Rule 68 precludes a civil rights plaintiff from recovering attorney's fees incurred subsequent to the offer of judgment when the offeree recovers a judgment less favorable than the offer).

### IV.

In this case, the Court orders that judgment be entered in favor of the plaintiff in the amount of $5,000, and that the defendants be assessed additional costs in the amount of $4,920.00. This includes $120 for fees of the clerk, $90 for fees for service of summons and complaint, and $4,710.00 for attorney's fees (47.1 hours at $100 per hour). The Court finds that the amount of preoffer attorney time included in the plaintiff attorney's fee petition is reasonable given the circumstances of this case. Furthermore, in this District, attorneys of the age and with the experience of the plaintiff's attorney have normally received $100 per hour for their compensable time, and the Court sees no reason to depart from that rule in this case.

This amount excludes 11 hours of attorney time that was claimed in the petition for work that was done after the offer of judgment was made. The offer of judgment clearly excludes this amount by offering compensation for "costs accrued *to this date* " (emphasis added). It also excludes $1,111.45 for court reporter fees, reflecting the rule in this District that deposition costs are only recoverable "if the prevailing party has made use of the deposition at trial." E.D.Va. Local Rule 21(B).