Lu, John T., J.

BACKGROUND

This is an action for breach of a promissory note. The defendants, Sophie’s Closet, Inc., Diana Lannon, and David Lannon (Sophie’s), executed and delivered to the plaintiff, Citizens Bank of Massachusetts (Citizens), an unsecured promissory note evidencing a $40,000 line of credit. Citizens’ complaint, dated May 17, 2005, prayed for $41,026.41 allegedly owed on the line of credit. This reflected the unpaid principal of $40,000 and interest through April 1, 2005. Citizens also sought legal fees and costs. When Sophie’s answered, it served Citizens with an offer of judgment, pursuant to Mass.R.Civ.R 68.[3]
The offer of judgment provided that Sophie’s agreed to 1) entry of judgment in the prayed amount; 2) interest on the note from April 1, 2005 to May 27, 2005;[4] 3) payment of filing and summonses fees; and 4) reasonable attorneys fees through May 27, 2005. Citizens accepted the offer of judgment on June 14, 2005.[5] Both Sophie’s offer of judgment and Citizens’ acceptance were filed with the court on June 14, 2005.
In Citizens’ motion for entry of judgment, it seeks to recover 1) the $41,026.41; 2) $3,485.87 in prejudgment interest; and 3) $10,955.34 in legal fees and *621 costs. Finding that the additional amounts beyond those agreed to by Sophie’s are barred by the acceptance of the offer of judgment, Citizens’ motion for entry of judgment is denied and the court orders judgment in the amount offered and accepted.

DISCUSSION

There are few Massachusetts cases interpreting Mass.R.Civ.P. 68. See Nortek, Inc. v. Liberty Mut Ins., 65 Mass.App.Ct. 764 (2006) (an offeror may not seek to rescind or withdraw an offer of judgment after it has been accepted, instead relief may be sought under Mass.R.Civ.P. 60(b)); Baghdady v. Lubin & Meyer, 55 Mass.App.Ct. 316 (2002) (discussion of the procedural use of Rule 68 in apost-trial motion for the defendant’s recovery of costs); Gentili v. Colonial Motel, 27 Mass.App.Ct. 1150 (1989) (discussion of the assessment of post-trial costs when judgment enters for the defendant); and Bird v. Bird, 24 Mass.App.Ct. 362 (1987) (an offer of judgment may be made by a plaintiff defending a counterclaim).
Decisions of federal courts, which have almost identical rules, may be used to interpret our rules. “In examining a motion under our rules of civil procedure, we often look to cases construing the comparable federal rules.” Hearn v. Warner et al., 16 Mass.App.Ct. 223, 224 (1983) citing Rollins Environmental Servs., Inc. v. Superior Court, 368 Mass. 174 (1975).
The plain intent of Rule 68 is to encourage settlement and avoid litigation. Marek v. Chesny, 473 U.S. 1, 5 (1983) (citing the advisory committee notes on the Federal Rules of Civil Procedure). If an offer provides that costs are included, or specifies the amounts for the costs, and the plaintiff accepts the offer, the judgment will necessarily include costs. Id. at 6. If defendants are not allowed to make lump sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers. Id. The advisory committee noted that “many a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorneys fees in whatever amount the court might fix upon motion of the plaintiff.” Id. at 7.
Citizens argues that there is no Massachusetts case which “allows a defendant to cut off the accrual of costs for collection via an offer of judgment.” The court agrees. Citizens argues that justice requires entry of judgment in the amount argued by Citizens. The court disagrees.
Sophie’s points to two federal cases which are procedurally similar to this case. In the first, the defendant served an offer for judgment on the plaintiff on June 6, to include all costs and legal fees through June 6. Jones v. Federated Department Stores, 527 F.Sup. 912, 915 (1981). Later, the plaintiff sought legal fees for work done after June 6. Jones, 527 F.Sup. at 915. The court held, “Neither party can later back out of this arrangement. Plaintiff must be held to the settlement she made, and courts have uniformly held that settlement agreements under Rule 68 can expressly exclude the awarding of post settlement fees.” Jones, 527 F.Sup. at 920 (internal citations omitted).
In the second case, the defendant filed a Rule 68 offer which provided for payment of $5,000.00 plus costs accrued through the date of the offer. Said v. Virginia Commonwealth Univ. et al, 130 F.R.D. 60, 62 (1990). Later, the plaintiff sought judgment for $5,000 plus costs and legal fees, which included eleven hours of legal work expended after the date of the offer. Said, 130 F.R.D. at 64. The court found that the offer of judgment was binding and excluded legal fees for the eleven hours as the accepted offer provided for compensation for “costs accrued to this date.” Said, 130 F.R.D. at 64.
The primary purpose of Rule 68 is to encourage the compromise and settlement of litigation. Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991). By encouraging compromise, Rule 68 discourages both protracted litigation and vexatious lawsuits. Mallory, 922 F.2d at 1277 (internal citations omitted). The rule motivates parties to evaluate the risks and costs of litigation, and to balance them against the likelihood of success at trial. Marek, 473 U.S. at 5.
Rule 68 has several unique features that distinguish it from other means of compromise and settlement in civil litigation. Mallory, 922 F.2d at 1277. The cost-shifting provision requires the offer-rejecting plaintiff to pay the offeror’s costs incurred after the offer was made when the judgment finally obtained, post-offer, is less favorable than the offer. Mallory, 922 F.2d at 1277-78. This provision shifts the risk of going forward to the plaintiff, who becomes exposed to the prospect of being saddled with both the substantial expense of trial and the possible award of costs should the plaintiff err in the evaluation of its case. Mallory, 922 F.2d at 1278.
A second feature of Rule 68 is the lack of discretion that it vests in the trial court when the offer of judgment has been rejected and the ultimate award to the plaintiff is less favorable than the offer. Mallory, 922 F.2d at 1278.
Third, and most significant to this case, Rule 68 leaves no discretion in the trial court to do anything but enter judgment once an offer has been accepted. Mallory, 922 F.2d at 1278. By directing that the clerk shall enter judgment after proof of offer and acceptance have been filed, the language of the rule provides that the district court possesses no discretion to alter or modify the parties’ agreement. Mallory, 922 F.2d at 1278.
Rule 68 judgments are self-executing; once the parties agree on an offer, the court has no discretion to withhold entry of judgment or otherwise to frustrate the agreement. Mallory, 922 F.2d at 1278.

*622
ORDER

Finding that the terms of the accepted offer of judgment control, the plaintiff Citizens Bank of Massachusetts’ motion for entry of judgment is DENIED.
Judgment will enter against the defendants Sophie’s Closet, Inc., Diana Lannon and David Lannon in the amount of $41,026.41 plus $417.44 for interest on the note from April 1, 2005 to May 27, 2005, the amount of filing and summonses fees and attorneys fees in the amount of $2385.36.[6]

Pertinent parts of Mass.R.Civ.P. 68: At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

This is the date of the offer for judgment.

Mass.R.Civ.P. 68 allows the adverse party, here Citizens, ten (10) days to accept an offer. Citizens requested an extension, which Sophie’s granted.

This represents the court’s understanding of legal fees through the date of the offer of judgment. Given the court’s decision, essentially in favor of Sophie’s, the court assumes that Sophie’s does not press its argument that the attorneys fees are unreasonable.