UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1024

In Re:  JAMES M. MILLS, State Trooper, in both his official
and personal capacity; D. L. LEMMON, Superintendent of the
West Virginia State Police, in his official capacity,

Petitioners.

On Petition for Writ of Mandamus.  (3:07-cv-00142-JPB)

No. 08-1032

BRENDA A. BOSELY, Administratrix of the Estate of James C.
Bosely, Deceased; BRENDA BOSELY,

Plaintiffs - Appellees,

v.

COLONEL D. L. LEMMON, Superintendent of the West Virginia
State Police, in his official capacity; JAMES M. MILLS, State
Trooper, in both his official and personal capacity,

Defendants - Appellants,

and

MINERAL COUNTY SHERIFF'S OFFICE; CHIEF DEPUTY SABIN, of the
Mineral County Sheriff's Office, in both his official and
personal capacity; JOHN DOES 1-5, in both their official and
personal capacities,

Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, District Judge. (3:07-cv-00142-JPB)

Argued: May 13, 2008                    Decided: July 29, 2008

Before TRAXLER and GREGORY, Circuit Judges, and Alexander WILLIAMS, Jr., United States District Judge for the District of Maryland, sitting by designation.

Petition granted and affirmed by unpublished per curiam opinion.

**ARGUED:** (No. 08-1024) Lucien Garlow Lewin, STEPTOE & JOHNSON, Martinsburg, West Virginia; Perry Wayne Oxley, OFFUTT, FISHER & NORD, Huntington, West Virginia, for Petitioners. John Christian Yoder, Harpers Ferry, West Virginia, for Respondents. (No. 08-1032) Jason Patrick Foster, STEPTOE & JOHNSON, Martinsburg, West Virginia, for Appellants. John Christian Yoder, Harpers Ferry, West Virginia, for Appellees. **ON BRIEF:** (No. 08-1024) Jason P. Foster, STEPTOE & JOHNSON, Martinsburg, West Virginia, for Petitioners. (No. 08-1032) Lucien G. Lewin, STEPTOE & JOHNSON, Martinsburg, West Virginia, for Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda A. Bosely ("Bosely") brought this action on her own behalf and as administratrix of the estate of the late Dr. James C. Bosely. Originally filed in West Virginia state court, the suit alleges various causes of action arising out of Dr. Bosely's death during the execution by two law enforcement officers of a mental hygiene order. After removal of the action to federal district court, the district court granted a motion by Bosely to remand the case back to state court. The defendants now petition for a writ of mandamus requiring the district court to retain jurisdiction over the case. One defendant also appeals the denial of a motion to dismiss the complaint on the grounds of absolute quasi-judicial immunity and qualified immunity. We grant the mandamus petition and affirm the denial of the motion to dismiss.

I.

According to Bosely's complaint ("the complaint"), Bosely swore out a mental hygiene complaint for her husband, Dr. Bosely, alleging that he was suicidal and a danger to others. Bosely alleges that West Virginia State Police Trooper James Mills and Chief Deputy of the Mineral County Sheriff's Office Paul Sabin arrived at Dr. Bosely's residence and took him into custody pursuant to a mental hygiene detention order. The complaint alleges that the officers "bashed Dr. Bosely's head against the

3

kitchen wall after taking Dr. Bosely into custody, leaving blood on the kitchen wall." (Complaint, ¶ 20). It also alleges that shortly thereafter, "Dr. Bosely received a single gunshot wound to his head" and that he was pronounced dead on the scene at approximately 10:14 that morning. (Complaint, ¶ 21). The complaint alleges that Mills and Sabin knew that Dr. Bosely had guns in the house and that he was potentially a danger to himself and others. It also alleges that at all relevant times, the defendants were acting under color of state law. Finally, it alleges that Superintendent of the West Virginia State Police Colonel D.L. Lemmon was vested with authority and control of Mills and is vicariously liable for his actions.

The complaint asserts causes of action pursuant to 42 U.S.C.A. § 1983 (West 2003), the West Virginia Constitution, and West Virginia common law. Specifically, it alleges that the defendants violated Bosely's rights not to be deprived of life without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, § 10 of the West Virginia Constitution and his rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and Article 3, § 6 of the West Virginia Constitution. It also asserts causes of action for negligence and wrongful death.

4

The complaint names Lemmon and Mills ("the state defendants") as defendants in their official capacities as employees of the State of West Virginia, up to the limit of the State's insurance policy. Mills is also named in his official capacity. Sabin is named in both his individual and official capacities. And the Mineral County Sheriff's Office is the final named defendant.

The defendants removed the case to federal district court on the basis of federal-question jurisdiction. See 28 U.S.C.A. §§ 1446, 1441, 1331 (West 2006). The state defendants subsequently moved to dismiss the complaint on the basis of absolute quasi-judicial immunity and qualified immunity. They also asserted that official-capacity claims are not permissible under 42 U.S.C.A. § 1983, and that the complaint otherwise failed to state a claim upon which relief could be granted. The state defendants further asserted Eleventh Amendment immunity against the official-capacity claims that were based on respondeat superior principles.

Bosely took the position that the state defendants waived any defense of Eleventh Amendment immunity when they removed her case to federal court, and she therefore urged the district court to retain jurisdiction over the entire case. Alternatively, citing Morris v. Canterbury, 2:05-CV-1 (S.D. W. Va. May 2, 2005), she suggested that if the district court concluded that the defendants had not waived Eleventh Amendment immunity as a defense to the

5

official-capacity claims, the entire case should be remanded to state court because the remaining state-law claims would predominate and litigating the official-capacity claims in state court and the other claims in federal court on the same facts would be inconvenient.[1]

For their part, the state defendants maintained that they had not waived Eleventh Amendment immunity by removing the case to federal court and that the respondeat superior claims were barred by the Eleventh Amendment. They also argued that neither considerations of convenience nor the predominance of state-law claims authorized a remand of the entire action back to state court.

The district court granted Bosely's motion to remand. The entirety of the district court's substantive analysis regarding this decision was as follows:

> In their Motion to Remand, plaintiffs cite **Morris v. Canterbury et al.**, 2:05-CV-1, (S.D.W.V. May 2, 2005), in which the Southern District of West Virginia remanded all causes of action to the Kanawha County Circuit Court. The Court finds remand of all claims to be a suitable disposition for the present case as well. The Court questions the theory of removing the case based on federal jurisdiction and then moving to dismiss the case based on lack of jurisdiction. Because the State Court

---

[1]Bosely asserted this position in her memorandum to her motion to remand. In the motion itself, Bosely actually requested primarily that the district court remand the entire case to state court and alternatively that the court find that the defendants had waived immunity by removing the case to federal court and therefore retain jurisdiction over the entire case.

has jurisdiction to hear all claims, the Court finds it best to remand the entire case.

Based on the foregoing, the Court finds that the plaintiffs' Motion to Remand should be, and hereby is, **GRANTED**. The Motion to dismiss is **DENIED**. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Mineral County, West Virginia, for all further proceedings.

(Remand Order, at 2) (citations omitted).

The state defendants filed this petition for writ of mandamus challenging the district court's decision to remand the case to state court; Sabin and the Mineral County Sheriff's Office later joined in the petition. We granted a motion by the defendants to stay the proceedings in the district court, and the state court has likewise stayed all proceedings pending the disposition of this petition.

Mills has also appealed the denial of his motion to dismiss on the bases of absolute quasi-judicial and qualified immunity.

II.

The defendants contend that they properly removed this case to federal court and that the district court was obliged to retain jurisdiction over Bosely's claims. They therefore argue that the district court erred by remanding the action to state court and request that we order the court via writ of mandamus to retain jurisdiction. Bosely, however, contends that 28 U.S.C.A. § 1447(d) (West 2006) precludes our review of the remand order because the

7

district court remanded the case based on its perception that it lacked subject-matter jurisdiction over the claims. We conclude that we are authorized to review the remand order, and we grant the relief that the defendants request.

Subject to an exception not applicable in this case, section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C.A. § 1447(d). Notwithstanding this seemingly clear language, the Supreme Court has held that appellate-court review of remand orders is statutorily prohibited only if the remand is based on one of the grounds listed in 28 U.S.C.A. § 1447(c) (West 2006)--lack of subject-matter jurisdiction or a timely objected-to defect in the removal procedure. See Powerex Corp. v. Reliant Energy Servs., Inc., 127 S. Ct. 2411, 2416 (2007). In determining whether a remand order is reviewable, the critical question is not whether the district court correctly based its remand on a ground listed in § 1447(c), but rather, whether the district court believed that such a ground pertained. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 585 (4th Cir. 2006). Here, no defect in the removal procedure is alleged; thus, we focus on whether the district court believed that it lacked subject-matter jurisdiction over the case. Our review is precluded if "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction."

8

Powerex Corp., 127 S. Ct. at 2418.  If, however, the district court did not believe that its lack of subject-matter jurisdiction required the remand, we are authorized to consider the correctness of the remand decision.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Here, we have no reason to believe that the remand order was based on a perceived lack of subject-matter jurisdiction over the case.  The order acknowledged that the state defendants asserted Eleventh Amendment immunity as a defense to Bosely's federal constitutional claims only.[2]  And no party disputed that the district court possessed subject-matter jurisdiction over at least some of the claims.  Indeed, all parties explicitly recognized that any decision to remand all claims back to state court would be based on an exercise of the court's discretion to obtain the most desirable result.  And the language of the remand order, which includes no reference to § 1447, confirms that the remand decision was, in fact, based on a discretionary weighing of prudential concerns rather than on a jurisdictional determination.  See (Remand Order, at 2) (noting Bosely's reliance on Morris and concluding that remand of all claims was a "suitable disposition"); id. ("find[ing] it best to remand the entire case" in light of the fact that the state court offered a forum where all claims could be

---

[2]In fact, although it is not important to our decision, we note that Eleventh Amendment immunity was asserted only as a defense to some of those claims.

9

heard together).[3]  Because the basis for the remand of the case could not be "colorably characterized as subject-matter jurisdiction," Powerex Corp., 127 S. Ct. at 2418, our review of the remand order is not precluded.  See Barksdale v. Washington Metro. Area Transit Auth., 512 F.3d 712, 715 (D.C. Cir. 2008) (holding that court of appeals was authorized to review remand where remand was based on district court's discretionary determination that remand would be more convenient for plaintiff's counsel).

Having determined that the remand order is reviewable, we have little trouble concluding that remand was improper.  Federal-question jurisdiction clearly exists over Bosely's § 1983 claims.  See Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, 135 F.3d 275, 278 (4th Cir. 1998).  And, the district court possessed supplemental jurisdiction over the state-law claims arising out of the same set of facts.  See 28 U.S.C.A. § 1367 (West 2006).  Although the state defendants asserted Eleventh Amendment immunity as a defense to some of the § 1983 claims, the fact that that defense can be waived, see Lapides v. Bd. of Regents, 535 U.S. 613, 618 (2002), suggests that, even if it was not waived here, it

_____

[3]The district court's statement that it "question[ed] the theory of removing the case based on federal jurisdiction and then moving to dismiss the case based on lack of jurisdiction," (Remand Order, at 2), apparently refers to the issue of whether the defendants waived Eleventh Amendment immunity by removing Bosely's case to federal court.  That language does not even suggest that the district court disagreed with the parties' view that it possessed subject-matter jurisdiction over at least some of the claims.

10

is not jurisdictional, see United States v. Cotton, 535 U.S. 625, 630 (2002) (explaining that lack of subject-matter jurisdiction cannot be waived); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 654 n.8 (4th Cir. 2006) ("Because the statute of limitations is a waivable defense, the district court erroneously determined that its restrictions are jurisdictional in nature.").[4]  Moreover, even if Eleventh Amendment immunity is a jurisdictional bar, assertion of the bar against one claim does not destroy removal jurisdiction over the remaining claims--certainly not over the claims against Sabin and the Mineral County Sheriff's Office, to which the immunity clearly does not apply.[5]  See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim.  But that circumstance does not destroy removal jurisdiction over the remaining claims . . . .").  Thus, it is apparent that the district court possessed subject-matter jurisdiction over this case.

---

[4]The Supreme Court has not yet decided whether the assertion of Eleventh Amendment immunity is a jurisdictional matter.  See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 391 (1998).

[5]Because we conclude that the district court retained jurisdiction over at least some of the claims even if the state defendants validly asserted Eleventh Amendment immunity, we need not address whether the removal of the case operated as a waiver of that defense.  Cf. Lapides v. Board of Regents, 535 U.S. 613, 622-24 (2002) (concluding that state's removal of case to federal court amounted to a waiver of the state's Eleventh Amendment immunity, at least as to the state-law claims asserted against the state).

11

Possessing federal-question jurisdiction, the district court was obliged to exercise it; it had no authority to decline the case simply because it believed that it would be better for the case to proceed in state court. See Deakins v. Monaghan, 484 U.S. 193, 203 (1988) ("[T]he federal courts have a virtually unflagging obligation to exercise their jurisdiction . . . ." (internal quotation marks omitted)); Barksdale, 512 F.3d at 716 (holding that district court lacked authority "to remand a case for the convenience of counsel"); Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007) ("The Supreme Court has repeatedly instructed that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." (internal quotation marks omitted)). And because there was no valid basis for the district court to refuse to exercise its jurisdiction over this case, mandamus relief is in order. See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351-53 (1976); Borneman v. United States, 213 F.3d 819, 826 (4th Cir. 2000).

III.

We next address Mills' appeal of the district court's denial of the state defendants' motion to dismiss the complaint.

Initially, we note that we can only conclude from the fact that the district court denied the motion to dismiss summarily,

without any discussion of its merits, that the dismissal was without prejudice and was based simply on the fact that the court had decided to remand the entire case back to state court.  Mills urges us to reverse the denial, contending that the state defendants are entitled to absolute quasi-judicial immunity and qualified immunity.  Because these immunities are designed to shield those that they protect from not only the burdens of liability, but also the burdens of litigation, see Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985), we consider whether the record at this stage of the litigation demonstrates that Mills is entitled to either of these immunities.  We conclude that it does not.

We begin with the doctrine of absolute quasi-judicial immunity.  Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam).  "'[Q]uasi-judicial' . . . officials whose duties are comparable to those of judges or prosecutors" are likewise entitled to absolute immunity. Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999); see Goldstein v. Moatz, 364 F.3d 205, 213 (4th Cir. 2004).  And such immunity extends to the judge's subordinates for "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).  The basis for

13

extending the immunity in these situations is to prevent a judge's subordinates from becoming a "lightning rod for harassing litigation" challenging decisions for which the judge is immune. Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 3 (1st Cir. 1976). Relying on Martin v. Hendren, 127 F.3d 720 (8th Cir. 1997), Mills contends that he is entitled to absolute quasi-judicial immunity since the complaint seeks to hold him liable for his execution of a judicial order. In Hendren, Officer Hendren injured Martin when carrying out a judge's order to remove Martin from the judge's courtroom. In a subsequent federal action, the Eighth Circuit held in a split-panel decision that Hendren was entitled to absolute quasi-judicial immunity from suit since "[a] judge's absolute immunity extends to public officials for acts they are specifically required to do under court order or at a judge's direction." Hendren, 127 F.3d at 721 (internal quotation marks omitted).

We do not find the Eighth Circuit's decision persuasive. As recognized by the dissent in that case, the majority failed to appreciate the distinction between protection from liability simply for following a judge's order and protection from liability for carrying out a judge's order in a manner not sanctioned by the judge. See Hendren, 127 F.3d at 723 (Lay, J., dissenting); see also Richman v. Sheahan, 270 F.3d 430, 436 (7th Cir. 2001); Martin v. Bd. of County Comm'rs, 909 F.2d 402, 405 (10th Cir. 1990) (per

14

curiam) ("[A] judicial warrant contains an implicit directive that the arrest and subsequent detention be carried out in a lawful manner."). Here, Mills's alleged unconstitutional execution of the order was not specifically authorized by the judicial officer who issued the warrant. Nor does the complaint seek to hold Mills liable for a quasi-judicial decision. Rather, the decision challenged in the complaint is the defendants' decision of how to execute the warrant. Thus, the state defendants clearly are not entitled to absolute quasi-judicial immunity. See Richman, 270 F.3d at 435-36 (holding that officers ordered to restrain man in courtroom were not entitled to absolute quasi-judicial immunity from suit alleging the officers used excessive force in restraining the man); Bd. of County Comm'rs, 909 F.2d at 405 (holding that officers executing arrest warrant were not entitled to absolute quasi-judicial immunity from suit alleging the officers used excessive force and provided constitutionally inadequate medical attention in executing the warrant).

Qualified immunity, not absolute immunity, is the defense that will be available to the state defendants if it is supported by the facts. Qualified immunity generally shields "[g]overnment officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457

15

U.S. 800, 818 (1982).  Mills argues that if the district court did not err in failing to grant his motion to dismiss on the doctrine of absolute quasi-judicial immunity, it erred in failing to dismiss the constitutional claims against him in his individual capacity on the basis of qualified immunity.  It is that issue to which we now turn.[6]

"In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence."  Saucier v. Katz, 533 U.S. 194, 200 (2001).  The threshold inquiry is whether the facts alleged, taken in the light most favorable to Bosely, demonstrate the violation of a constitutional right.  See id.  If they do, then we must determine whether the contours of the right were clearly established such that a reasonable officer would understand that his actions violated that right.  See id. at 201.  We review a district court's decision to deny a motion to dismiss on the basis of qualified immunity de novo.  See Blankenship v. Manchin, 471 F.3d 523, 528 (4th Cir. 2006).

Mills' argument on appeal is simply that the allegations in the complaint, even if taken as true, are too vague and conclusory to demonstrate the violation of constitutional rights.  See Bell

---

[6]The denial of a motion to dismiss on the basis of qualified immunity is an appealable order.  See Behrens v. Pelletier, 516 U.S. 299, 307 (1996).

16

Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (holding that allegations in complaint must be sufficient "to state a claim to relief that is plausible on its face"). We disagree. A complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Twombly, 127 S. Ct. at 1964). There is no heightened pleading standard for qualified-immunity cases. See Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001).

Here, the complaint alleged that, after taking Dr. Bosely into custody, "Mills and Sabin bashed Dr. Bosely's head against the kitchen wall" and failed to protect him from being shot in the head, and that Dr. Bosely died shortly thereafter. (Complaint, ¶¶ 20-22). While it may well be the case that Bosely will eventually be required to plead her claims with more specificity in order to protect the state defendants from possibly being "subjected to unnecessary and burdensome discovery or trial proceedings," Crawford-El v. Britton, 523 U.S. 574, 598 (1998); see Iqbal v. Hasty, 490 F.3d 143, 157-59 (2d Cir. 2007), we conclude that at this stage, the factual allegations are sufficient, and denial of the motion to dismiss was proper.

17

IV.

In sum, we grant the defendants' petition for a writ of mandamus requiring the district court to retain jurisdiction over this case and we affirm the district court's denial of the state defendants' motion to dismiss the complaint on the basis of absolute quasi-judicial and qualified immunity.

<u>PETITION GRANTED AND AFFIRMED</u>

18