**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRENDA A. BOSLEY, Administratrix
of the Estate of James C. Bosley,
Deceased; BRENDA BOSLEY,

        *Plaintiffs-Appellees,*

        v.

MINERAL COUNTY COMMISSION;
PAUL SABIN, Chief Deputy of the
Mineral County Sheriff's Office;
CRAIG FRALEY, Sheriff,

        *Defendants-Appellants,*

        and

D. L. LEMMON, Colonel,
Superintendent of the West
Virginia State Police, in his
official capacity; JAMES M. MILLS,
State Trooper, in his personal
capacity; MINERAL COUNTY
SHERIFF'S OFFICE; JOHN DOES 1-5,
in both their official and personal
capacities,

        *Defendants.*

No. 10-1203

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
John Preston Bailey, Chief District Judge.
(3:07-cv-00142-JPB)

Argued: May 12, 2011

Decided: June 14, 2011

Before TRAXLER, Chief Judge, and GREGORY and
DAVIS, Circuit Judges.

---

Affirmed by published opinion. Judge Davis wrote the opinion, in which Chief Judge Traxler and Judge Gregory concurred.

---

**COUNSEL**

**ARGUED:** Steven Kenneth Nord, OFFUTT NORD, Huntington, West Virginia, for Appellants. Harry P. Waddell, LAW OFFICE OF HARRY P. WADDELL, Martinsburg, West Virginia, for Appellees. **ON BRIEF:** Michael R. Dockery, OFFUTT NORD, Huntington, West Virginia, for Appellants.

---

**OPINION**

DAVIS, Circuit Judge:

Appellants, the County Commission of Mineral County, West Virginia, County Sheriff Craig Fraley, and his Chief Deputy, Paul Sabin, challenge the district court's award of attorney's fees and costs under 42 U.S.C. § 1988 to Appellee Brenda A. Bosley. Appellants do not challenge the calculation, the amount or the reasonableness of the award; nor do they dispute that Appellee was a "prevailing party" under § 1988(b). Rather, they contend more narrowly that the district court erred in holding that the amount Appellants offered

to settle the dispute—a settlement offer which Appellants served on Appellee as an offer of judgment pursuant to Fed. R. Civ. P. 68(a), and which Appellee timely accepted—did not include her attorney's fees and costs. We affirm.

I.

In August 2005, after a period of increasingly aggressive and peculiar behavior by her estranged husband, Dr. James C. Bosley, Appellee filed a mental hygiene complaint attesting that he was suicidal and a danger to others. With an appropriate court order in hand, Chief Deputy Sabin, accompanied by West Virginia State Trooper James Mills, arrived at Dr. Bosley's residence to take Dr. Bosley into custody for a psychiatric examination. While the three men were in the house, Dr. Bosley managed to sprint away from the officers, retreat into an interior room and slam the door behind him, whereupon he quickly obtained a firearm and then shot and killed himself.

Appellee filed this action in state court, asserting numerous state-law claims and several federal constitutional claims pursuant to 42 U.S.C. § 1983.[1] Appellee named as defendants, in addition to Appellants, Trooper Mills and West Virginia State Police Superintendent D. L. Lemmon. The defendants removed the case to federal district court on the basis of federal question jurisdiction.[2]

In due course, all defendants filed motions for summary judgment. While the motions were pending before the district court, on or about July 23, 2009, Appellants served an offer

---

[1]None of Appellee's claims had as an element or measure of damages attorney's fees. On the other hand, as is customary in actions brought under § 1983, Appellee sought recovery of attorney's fees, as a part of her costs, pursuant to § 1988.

[2]In a prior appeal, we reversed the district court's order remanding the case to state court. *See In re Mills*, 287 F. App'x 273, 2008 WL 2937850 (4th Cir. 2008) (unpublished).

of judgment pursuant to Fed. R. Civ. P. 68(a) on Appellee, which she timely accepted.[3] The offer of judgment reads, in relevant part:

> Pursuant to [Fed. R. Civ. P. 68(a)], the . . . Defendants hereby serve upon [Bosley] an Offer of Judgment in the amount of Thirty Thousand Dollars ($30,000.00) *as full and complete satisfaction of [Bosley's] claim against . . . Defendants.*

J.A. 190 (emphasis added). The offer of judgment did not mention costs or attorney's fees. Meanwhile, the district court granted summary judgment in favor of Trooper Mills and Superintendent Lemmon, *see* 656 F.Supp. 2d 582 (S.D. W. Va. 2009), but, as the offer of judgment had been accepted, it denied as moot the motion filed by Appellants.

Thereafter, the clerk of court having failed to enter the judgment as contemplated by Rule 68, *see supra* n.3, Appellee moved the district court to enter judgment against Appellants in the sum of $30,000, with costs, including attorney's fees, accrued as of the date of service of the offer of judgment. Appellants opposed the motion on the ground that the $30,000 sum was inclusive of attorney's fees and costs and, if not, then there existed no meeting of the minds as between the parties. After full briefing by the parties, the district court

---

[3]The present version of Rule 68(a) provides as follows:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The 2009 Amendments to the rule, which became effective after the events at issue in this case, have no bearing on the issues presented.

determined that the plain language of Rule 68, in light of settled judicial interpretations of the rule, required it to award Appellee her costs, including attorney's fees. *See* 42 U.S.C. § 1988(b) (providing that "a reasonable attorney's fee [constitutes] part of the [allowable] costs" (alterations supplied)). The court entered judgment in favor of Appellee in the amount of $30,000, and directed her to file an application for attorney's fees and costs.

Appellee then filed a timely motion for an award of attorney's fees and costs, seeking $120,702.55. The district court determined that Appellee was a "prevailing party" under the fee-shifting provisions of § 1988(b) and granted her motion in part, awarding attorney's fees in the amount of $55,331.25 and costs in the amount of $11,132.55, for a total of $66,463.80 in fees and costs. The district court denied Appellants' motion for reconsideration.

We have jurisdiction over this timely appeal under 28 U.S.C. § 1291.

## II.

Generally, we review the district court's award of attorney's fees and costs for abuse of discretion. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 243 (4th Cir. 2010) (attorney's fees); *Trimper v. City of Norfolk*, 58 F.3d 68, 75-77 (4th Cir. 1995) (attorney's fees and costs). However, where a district court's decision is based on a "premise and interpretation of the applicable rule of law," and the facts are established, we review that decision *de novo. Eisenberg ex rel. Eisenberg v. Montgomery Cnty. Pub. Schs.*, 197 F.3d 123, 128 (4th Cir. 1999); *see Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993) (stating that the interpretation of a Federal Rule of Civil Procedure is a question of law reviewed *de novo*); *see also Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998) (per curiam) ("[I]nterpretation of Rule 68 is an issue of law that we

review de novo."). Here, the district court based its decision to award Appellee attorney's fees and costs on its interpretation of Rule 68. Accordingly, the appropriate standard of review is *de novo*.

III.

A.

The Supreme Court considered the effect of Rule 68 in conjunction with a fee-shifting statute in *Marek v. Chesny*, 473 U.S. 1 (1985), in which, as here, the plaintiff asserted claims under 42 U.S.C. § 1983 and state law. The defendants in *Marek* made a Rule 68 offer of judgment "for a sum, including costs now accrued and attorney's fees, of . . . $100,000[.]" *Id.* at 3-4 (internal quotation marks omitted). The plaintiff did not accept the offer and was later awarded a total of $60,000 in damages at trial. *Id.* at 4. As previously mentioned, a plaintiff who prevails in a § 1983 action may, in the court's discretion, obtain a "reasonable attorney's fee" as part of her costs, 42 U.S.C. § 1988(b), and in *Marek*, the costs, including attorney's fees, that accrued prior to the Rule 68 offer of judgment amounted to $32,000. *Id.* Because the $60,000 damages verdict plus the $32,000 in pre-offer costs and attorney's fees (i.e., $92,000 total) was not more favorable than the comprehensive $100,000 offer of judgment, two questions arose: (1) was the offer of judgment "valid," *see id.* at 5, and (2) "whether the term 'costs' in Rule 68 includes attorney's fees awardable under 42 U.S.C. § 1988." *Id.* at 7.

The *Marek* Court answered both questions in the affirmative. As to the issue of validity of the offer of judgment, the plaintiff argued that, because the rule mentions "costs" separately from the amount in the offer, a valid Rule 68 offer of judgment must delineate the amount dedicated to each. *Id.* at 5-6. Accordingly, the plaintiff argued, the defendants' lump sum offer, notwithstanding that it clearly "include[d] costs now accrued and attorney's fees," was invalid. *Id.* at 5. The

Supreme Court flatly rejected this argument: "We do not read Rule 68 to require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs." *Id.* at 6. The Court elaborated as follows:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; *if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs*. In either case, however, the offer has allowed judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. *As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid*.

*Id.* (emphases added; citation omitted). This construction, the Court reasoned, furthers the Rule's objective of encouraging settlement. *Id.* at 7.

### B.

In the case at bar, there is no issue as to the validity of the offer of judgment. Rather, the issue presented is whether the amount of the offer included costs. Although the offer of judgment in this case does not mention costs or attorney's fees, Appellants argue that it must be interpreted as a lump sum offer inclusive of such costs and fees. This is so, they seemingly contend, for three reasons: (1) the award of attor-

ney's fees and costs was part of the substantive relief sought against them by the amended complaint, and the offer of judgment unambiguously indicated that it covered all claims contained in the complaint ("as full and complete satisfaction of [Appellee's] claim"); (2) refusal so to interpret the offer of judgment will denigrate the aims of Rule 68; and (3) principles of equity. We reject Appellants' contentions.

1.

In support of the argument that Appellee's substantive claims encompassed attorney's fees and costs, Appellants rely on *First Fin. Ins. Co. v. Hammons*, 58 F. App'x 31 (4th Cir. 2003) (No. 02-1208) (unpublished), and *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999). *Hammons* (which, in any event, as an unpublished opinion, is not binding on this panel) and *Nordby*, however, are readily distinguishable from this case based on the character and nature of the claims asserted.

In *Hammons* and *Nordby*, the plaintiffs asserted claims premised on a doctrine and statute expressly providing for the recovery of attorney's fees as the substantive relief sought in the judgment. *Hammons*, 58 F. App'x at 33 n.4 ("[T]he crux of [the claim raised by Hammons] is its attorneys' fees component."); *Nordby*, 199 F.3d at 392-93 (concluding that Rule 68 offer for "'judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint'" included attorney's fees in part because such fees were specified as the relief sought in one of the substantive counts of the complaint damages and noting that the outcome might be different "if instead of seeking an award of attorneys' fees specified in one of the counts, the plaintiff were seeking an award of fees under a statute or rule or common law principle not cited in any of the counts of the complaint, authorizing an award of fees to a prevailing party").

Conversely in this case, Appellee asserted claims of constitutional violations and claims of negligence and wrongful

death under common law, but none of her claims are premised on a doctrine or statute expressly providing for the recovery of attorney's fees as the principal relief. *See* W. Va. Const. art. III, § 10; 42 U.S.C. § 1983; W. Va. Code Ann. § 55-7-6 (LexisNexis 2008) (specifying the damages that may be awarded to a wrongful-death claimant); *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004) ("An action in negligence is based in tort law and is brought to recover damages from a party whose acts or omissions constitute the proximate cause of a claimant's injury."); *see also* W. Va. Code Ann. §§ 29-12A-1 to 29-12A-18 (LexisNexis 2008 & Supp. 2010) (providing immunity and damage liability limitations for certain political subdivisions).

While it is certainly true, as Appellants point out, that Appellee included a prayer for an award of attorney's fees and costs in her *ad damnum* clause, the inclusion of this request did not serve to transform the action into one that principally sought recovery of attorney's fees and costs. Accordingly, Appellants' contention that awardable costs, including attorney's fees, were (silently) incorporated into the offer of judgment is without merit.

## 2.

Appellants also suggest that failing to interpret the offer of judgment in this case as inclusive of attorney's fees and costs will serve to defeat Rule 68's objective of encouraging settlements. This suggestion is without merit. *Marek's* interpretation of Rule 68 does not make lump sum offers mandatory; rather, it merely permits them. *See Marek*, 473 U.S. at 6-7 ("If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers."). If a defendant intends to make a lump sum Rule 68 offer inclusive of awardable costs, *Marek* makes abundantly clear the means by which to do so: precise drafting of the offer to recite that costs are included in the total sum offered. *Id.* at 6 ("If an

offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs."); *see also Laskowski v. Buhay*, 192 F.R.D. 480, 482 (M.D. Pa. 2000) ("If there is any occasion in civil litigation [that] calls for caution and care by counsel, it is the drafting of a Rule 68 offer." (internal quotation marks and alteration omitted)).

Appellants could have easily drafted a Rule 68 offer either reciting that recoverable costs were included in the sum or specifying an amount for such costs. But they failed to do so, and it is this drafting failure that requires the result the district court reached here. When a Rule 68 offer of judgment is silent as to costs, a court faced with such an offer that has been timely accepted is obliged by the terms of the rule to include in its judgment an amount above the sum stated in the offer to cover the offeree's costs. *Marek*, 473 U.S. at 6. Attorney's fees under 42 U.S.C. § 1988 qualify as Rule 68 costs because the statute defines those fees as costs. *Id.* at 9. Thus, because the offer in this case did not indicate that recoverable costs were included, the district court was required by Rule 68 to include an additional amount in its judgment for such costs.

3.

Finally, Appellants argue that it would be unjust for this court to uphold the district court's award of attorney's fees and costs because Appellee was fully aware that the $30,000 sum included attorney's fees and costs. In support of this argument, Appellants invite the court to review both the negotiations between the parties that preceded Appellee's acceptance of the offer of judgment and the actions of her counsel after she accepted the offer.

We decline this offer as imprudent, impractical, and as wholly foreclosed by the reasoning of *Marek*. By choosing to couch their settlement offer in terms of a Rule 68(a) offer of judgment, Appellants availed themselves of the tactical

advantages not available to the offeror of an ordinary settlement offer—namely, the ability to eliminate liability for any post-offer attorney's fees and costs in the event of a less favorable judgment after trial. *See Said v. Va. Commonwealth Univ./Medical Coll. of Va.*, 130 F.R.D. 60, 63 (E.D. Va. 1990). A Rule 68(a) offeree is in a difficult position because the rule has a "binding effect when refused as well as when accepted." *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). Unlike the offeree of an ordinary settlement offer—who may accept such offer on its terms or, without binding herself to the terms of the offer, reject it or make a counteroffer—a Rule 68(a) offeree is faced with the following choice: either accept the offer on its terms or proceed to trial and run the risk not only of obtaining a judgment less than the offer but also paying the defending party's post-offer costs. *Said*, 130 F.R.D. at 63.

Because the Rule 68 offeree does not have the luxury of refusing the offer to assure that she has not bound herself to any terms that may later become unfavorable, she may construe the offer's terms strictly, *see id.*, and ambiguities in the offer are to be resolved against the offeror, *Nordby*, 199 F.3d at 393; *Nusom v. COMH Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997). Evidence extrinsic to the offer's terms should not be considered. *See Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996) (citing cases); *Said*, 130 F.R.D. at 63 ("[C]ourts should be reluctant to allow the offeror's extrinsic evidence to affect th[e] construction [of the Rule 68 offer.]"); *see also Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (recognizing that settlement discussions do not constitute an offer of judgment).

We thus reject Appellants' argument that its Rule 68 offer of judgment should be modified on the basis of evidence extrinsic to the written terms contained within it. Because the offer contains no language limiting Appellants' liability for Appellee's recoverable pre-offer costs, including attorney's

fees, the district court properly enforced it as drafted and served by Appellants.

## IV.

For the reasons set forth, the judgment of the district court is

*AFFIRMED*.