ISIDOR MARGULIS, Appellant, v. SOLOMON & BERCK Co., INC., Respondent.

First Department, May 25, 1928.

Pleadings — severance of actions — action to compel defendant, adjoining landowner, to support plaintiff's building and for damages — defendant's offer to permit plaintiff to have equitable relief, granting him easement over and support by defendant's land, is not sufficient under Civil Practice Act, § 177 — defendant cannot offer judgment for equitable relief and leave question of damages for trial — form of offer under Civil Practice Act.

The defendant, while excavating for a building adjoining plaintiff's building, failed to take proper precautions, and the result was that the wall of plaintiff's building was caused to lean over defendant's land and the building itself was injured. The plaintiff seeks an easement over and support by defendant's land, and also money damages.

The defendant's offer to permit the plaintiff to have the equitable relief and to leave the question of damages for trial, is not sufficient, under section 177 of the Civil Practice Act, and the plaintiff will not be compelled to accept the offer.

The offer which may be served under the Civil Practice Act must be to the effect that the defendant will allow judgment to be taken against him, and where a personal judgment is authorized by the form and character of the action, the offer must conform thereto and authorize the entry of such judgment.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 17th day of November, 1927.

A. D. Stevenson of counsel [Adrian S. Stevenson with him on the brief; George W. Files, attorney], for the appellant.

Charles P. Kramer of counsel [Roe & Kramer, attorneys], for the respondent.

McAVOY, J. The Special Term granted defendant's motion to sever plaintiff's causes of action and gave judgment for plaintiff

on the first cause of action as prayed for in the complaint. While it does not appear from defendant's papers under what provision of the Civil Practice Act it moves, apparently its motion was to confess or offer judgment on plaintiff's first cause of action, sever the causes of action and then to remit plaintiff to a trial for his damages to the law side.

Defendant is willing that plaintiff have the equitable relief that he asks, but withholds offer of money damages. It wishes to leave plaintiff with the equitable relief allowed and an action at law undecided which would be triable at a Trial Term with a jury. The apparent reason for asking for this severance is to have the *lis pendens* set aside because the demand for equitable relief under which it is filed would then have been granted, and plaintiff would be entitled to proceed solely at law.

The nature of the action is a suit against the defendant for failing to protect plaintiff's wall, as required by law,* when defendant made an excavation ten feet below the abutting owner's wall, whereby the plaintiff's wall was caused to lean over defendant's land four inches, and the entire building was caused to slip and crack. This rendered plaintiff's title unmarketable and caused damage to plaintiff in the sum of $4,500. The equitable relief asked is for an easement over and support by the abutting land.

The defendant as indicated seeks a severance of the relief and to compel plaintiff to accept its offer not yet made under the formal method of offer pursuant to section 177 of the Civil Practice Act. The court is without authority to compel an acceptance of such an offer. If an offer properly made is not accepted, penalty is provided in the matter of costs after an offer has been tendered and refused, dependent on the final result. An offer to limit the judgment which plaintiff demands to the single remedy of equitable relief and remit him to law damages at a Trial Term is not permissible under our practice.

In an action for the foreclosure of a mortgage and demand for judgment on the personal liability of a bond, an offer to allow judgment of foreclosure and sale alone without an offer to allow judgment on the personal liability of the bond is unavailable. The offer which may be served under the Civil Practice Act must be to the effect that the defendant will allow judgment to be taken against him, and where a personal judgment is authorized by the form and character of the action, the offer must conform thereto and authorize the entry of such judgment.

We think the severance should have been denied, and that the

* See Code of Ordinances of City of New York, chap. 5, § 230, being *Building Code*, § 230.— [REP.

order was improper and should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, Finch and Proskauer, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.