**E. Catherine WHITCHER and Matthews Tanning & Toning Salon, Inc., Plaintiffs,**

**v.**

**TOWN OF MATTHEWS, Defendant.**

**No. C-C-90-0238-P.**

United States District Court, W.D. North Carolina, Charlotte Division.

May 22, 1991.

T. LaFontine Odom and William H. Sturges, Weinstein & Sturges, P.A., Charlotte, N.C., for plaintiffs.

Frank B. Aycock, III, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Defendant's motion, filed November 20, 1990, for an Order that this case is final pursuant to Rule 68 or in the alternative setting aside the Rule 68 Offer and Acceptance of Judgment; Defendant's motion, filed November 20, 1990, for Attorney Fees; and Plaintiff's motion, filed April 12, 1991, for Attorney Fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff E. Catherine Whitcher owns and operates Plaintiff Matthews Tanning & Toning Salon, Inc. (hereinafter collectively referred to as "Plaintiffs"). The salon is located in the Defendant Town of Matthews. Plaintiffs are licensed to sell food and beverages at the business.

In September, 1989, Defendant passed an ordinance requiring a special permit be purchased by businesses selling food, beverages and other merchandise during the dates

of September 1, 1989 through September 4, 1989—the applicable dates of Defendant's annual Stumptown Festival Celebration. The ordinance provided that persons not complying with the ordinance would be subject to a $50.00 fine and/or a term of imprisonment of no more than 30 days. The Town Clerk was authorized to issue the permits. However, the Clerk delegated that authority to the Matthews Community Club—the non-governmental organization which received the proceeds from the festival. The Club only issued 20 or so permits to the Charlotte Vendors Association.

Plaintiffs, like many other businesses located in the Defendant town, set up a tent on their property during the festival to sell beverages, food, and other merchandise. During the festival, Defendant's Police Chief threatened Plaintiffs with a criminal citation for selling goods without the requisite permit. Instead of risking a fine or imprisonment, Plaintiffs removed the tent and ceased selling the goods.

Thereafter, Plaintiffs brought this action alleging that the Ordinance violated the North Carolina and United States constitutional due process, equal protection and taking provisions. Plaintiffs also pleaded an action pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiffs sought monetary damages and injunctive relief declaring the Ordinance invalid, and seeking written assurance from Defendant that it would not promulgate a similar Ordinance in the future.

Shortly after filing its answer, Defendant offered to Plaintiffs judgments pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offers provided that each Plaintiff would receive $1,000.00 in monetary damages, with costs (including attorney's fees) then accrued to be fixed separately as to each Plaintiff by the Court. The Court was to determine the reasonableness of the costs and attorney's fees. On November 14, 1990, Plaintiffs timely accepted the Offers of Judgment. However, the Plaintiffs conditioned their acceptance by stating:

> Defendant has made no Offer of Judgment concerning Plaintiff(s') request for

injunctive relief and for a declaratory judgment. These portions of the complaint remain pending and Plaintiff(s') requests that future costs and attorney's fees be taxed against the Defendant remain pending.

On November 20, 1990, Defendant filed a motion requesting that an Order be entered declaring that the Offers of Judgment were applicable to the entire complaint (including injunctive relief) and not just the portion of the complaint addressing monetary damages. In the alternative, Defendant requested that the Court set aside the offers and acceptances of judgment. Defendant, on April 15, 1991, filed a memorandum in support of its motion.

In the brief, Defendant contends that the Offers of Judgment were intended to terminate the litigation. According to Defendant, Plaintiffs' belief that the offers did not include the portion of the complaint addressing injunctive relief exposed Defendant to further litigation and attorney's fees—a result clearly inconsistent with the purpose of the offer. Defendant has also requested that the Court award attorney's fees for time spent in responding to the purported acceptances under terms not included in the offers.

On April 12, 1991, Plaintiffs filed amendments to the notices of acceptance of the Offers of Judgment. In the amendments, Plaintiffs state:

> It is Plaintiffs' belief that the Offers of Judgment by the Defendant only deal with a portion of Plaintiffs' Complaint, and thus, portions of the Complaint remain pending. However, should the Court determine that the Offers of Judgment extend to the entire Complaint, rather than only the portions related to the award of monetary damages, the Plaintiffs will accept the Offers of Judgment under these terms.

Apparently, Plaintiffs do not have the financial resources to continue this litigation if the Court grants Defendant's alternative motion to strike the offers and acceptances of judgment. Plaintiffs also, on April 12, 1991, filed a motion (with a brief and affi-

davits in support thereof) for attorney's fees.

## II. DISCUSSION.

A. *Defendant's motion that the court determine the offers of judgment were applicable to the entire complaint (including the portions of the complaint addressing injunctive relief) and not only the portion of the complaint addressing monetary damages.*

Rule 68 of the Federal Rules of Civil Procedure provides in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. *An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs ... The fact that an offer is made but not accepted does not preclude a subsequent offer....* (emphasis added).

The purpose of Rule 68 is to encourage settlements and avoid protracted litigation. *See* 7 Moore's Federal Practice, par. 68.02 on page 68–4 (West 1990) (hereinafter "Moore's"). The offer under the Rule must be unconditional. *Id.* An offer that does not include money damages prayed, but only consents to the plaintiff having the equitable relief demanded, is not consistent with the requirement of the Rule that offers be unconditional. *Id.* (citing to *Margulis v. Solomon & Berck Co., Inc.,* 223 A.D. 634, 229 N.Y.S. 157 (N.Y.App.Div. 1928). In the same light, offers including only monetary damages but excluding equitable or injunctive relief would also be inconsistent with the Rule.

■ In this case, had Defendant made Offers of Judgment excluding the portion of the complaint addressing injunctive relief, the offer would have been ineffective under Rule 68. Accordingly, it is erroneous for Plaintiffs to contend that they conditionally accepted the offer. Moreover, to permit Plaintiffs to only accept the Offers of Judgment as to monetary damages would cause the action to remain pending as to equitable relief—a result clearly inconsistent with the purpose of the Rule. Therefore, the Court concludes that Plaintiffs failed to accept the original Offers of Judgment.

■ Plaintiffs, however, have amended their acceptance anticipating that the Court might conclude that the offers were applicable to the entire complaint. For the amended acceptances of the offers to be timely, the Court must consider the amended acceptances to have been retroactively filed on the date of the original acceptances. Because the Court believes that such a finding is consistent with the intent of the parties, the Court will construe the amended acceptances as having been timely filed. Alternatively, the Court will consider the time extended until April 12, 1991 for Plaintiffs to file the acceptances pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. In any event, the Court finds that Offer of Judgments, disposing of the entire complaint, have been made and accepted.

B. *Plaintiffs' motion for attorney's fees.*

Under Rule 68, when a claim is based on a statute which permits recovery of attorney's fees, the costs specified in Rule 68 include reasonable attorney's fees. *See Tyler v. Meola,* 113 F.R.D. 184 (N.D.Ohio 1986). In the case at hand, attorney's fees can be awarded pursuant to 42 U.S.C. § 1988. Moreover, the notices filed by Defendant provided that the costs include attorney's fees, "[t]he reasonableness of the attorney fee to be fixed by the Court based upon evidence thereof...."

Plaintiffs have requested that the Court award attorney's fees and expenses in-

curred from the commencement of this action up to and including April 12, 1991. *The actual damages claimed by Plaintiffs was only $300.00. See Defendant's Memorandum,* filed April 15, 1991 at exhibit 4. Plaintiffs have also requested any future attorney's fees that might be incurred in connection with this case be awarded. As of April 12, 1991, Plaintiffs state in the affidavit of William H. Sturges, filed April 15, 1991, that they have incurred $13,711.00 in attorney's fees and an additional $838.25 in related expenses. Plaintiffs state that the attorneys and paralegals have spent 126.4 hours on this case. A break-down of the work performed is provided at Exhibit A of the Sturges Affidavit.

The Plaintiffs' attorneys filed a supplemental affidavit May 10, 1991 claiming an additional 22.6 hours in this matter.

The hourly rates of the persons involved in this matter are as follows:

| ATTORNEY | POSITION | HOURLY RATE |
|---|---|---|
| LaFontine Odom | Partner | $160.00 |
| William H. Sturges | Partner | $125.00 |
| Thomas L. Odom | Associate | $ 80.00 |
| Annie Martin | Paralegal | $ 40.00 |
| Julie Hunter | Paralegal | $ 45.00 |
| Gary C. Pennington | Summer Law Clerk | $ 50.00 |
| B. Burdette & J. Cremens | Messengers | $ 15.00 |

In the Affidavit filed April 15, 1991, T. LaFontine Odom has billed 10.95 hours at $160.00 an hour, Thomas L. Odom, Jr. has billed 27.15 hours at $80.00 an hour, and William H. Sturges has billed 73.5 hours at $125.00 an hour.

Plaintiffs have also filed affidavits from two (2) Charlotte attorneys—George Daly and Wayne Paul Huckel—stating that the number of hours spent on this case, the hourly rates, and the expenses are reasonable and consistent with Charlotte market rates. Plaintiffs argue that they are entitled to attorney's fees incurred prior to the filing of Offers of Judgment, as well as subsequent to that filing.

As this Court stated in *Starnes v. Hill,* 589 F.Supp. 341 (1984):

The Court wants to make it very clear that what one judge has allowed an attorney in another case carries little weight in this Court. Each award depends on the facts and circumstances peculiar to the individual case. It is the responsibility of the individual judge to make an initial estimate of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blum v. Stenson,* [465] U.S. [886], 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). This Court will further consider the work done, the results obtained, and the other pertinent factors which are listed in the leading case of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), cited with approval by the Fourth Circuit in *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981).

■ The Court believes that Plaintiffs are entitled to *reasonable* attorney's fees incurred prior to the filing of the Offers of Judgment. *See Marek v. Chesny,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1985). Courts have awarded prevailing civil rights litigants attorney's fees incurred after receiving a judgment. *See Cruz v. Hauck,* 762 F.2d 1230 (5th Cir. 1985). However, it is not settled whether a party is entitled to attorney's fees incurred after accepting an Offer of Judgment under Rule 68. Furthermore, the Court has serious reservations whether this case justifies 126 hours claimed by Plaintiffs' attorneys in the April 15, 1991 Affidavit and the award of approximately $14,000.00 in attorney's fees, plus expenses.

In this case, there are persuasive reasons to find that Plaintiffs are not entitled to attorney's fees incurred after November 14, 1990—the date Plaintiffs accepted the Offers of Judgment. If "the plain purpose of Rule 68 is to encourage settlement and avoid litigation", Plaintiffs' actions in attempting to accept conditionally the offer was directly inconsistent with the Rule's purpose. *See Marek,* 437 U.S. at 5, 98 S.Ct. at 2144. Moreover, Defendant by accepting the offer attempted to "shift the risk of continuing to pay attorney's fees to the Plaintiffs rather than to the Defendant...." *See Defendant's Memorandum,* filed April 15, 1991, at 4–5. Such a strategy is encouraged by the Rule. "The

Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits". *Marek*, 437 U.S. at 5, 98 S.Ct. at 2144. Accordingly, the Court will not grant to Plaintiffs any attorney's fees incurred past November 14, 1990—the date on which this matter should have been disposed of.

■ The Court further believes that Plaintiffs are not entitled to the attorney's fees requested. The Court believes that the majority of the work done by counsel should have been accomplished in significantly less time than that actually billed.

Including the time in the supplemental affidavit of William H. Sturges, filed May 10, 1991, Mr. Sturges is claiming approximately 76.6 hours spent on the case at $125.00 an hour. Of those 76.6 hours, it appears that he spent approximately 36 hours on "legal research". This was in addition to time claimed by associates and law clerks of approximately 30 hours for "legal research." Then there was claimed by Mr. Sturges, approximately 7.5 hours for preparation of complaint, conferences with partners and associates concerning complaint, review of complaint, and revision of the complaint. The demand letter to the town was good for approximately 3.5 hours.

The remaining time claimed was for conferences, telephone calls, letters, settlement demands, work on compilation of attorney time, summary of fees incurred, affidavits and motions for attorneys' fees, and other miscellaneous matters.

This Court simply does not believe this case warranted the excessive amount of time charged by the Plaintiffs' attorneys. It appears they were shooting mice with a cannon.

The easiest course for this Court to take would be to say "fine, the taxpayers won't mind approximately $14,000.00 in Plaintiffs' attorneys' fees and costs of approximately $800.00."

However, this Court has observed the abuse by management which resulted in the creation of labor unions, the abuse of labor unions which resulted in enactment of restrictive legislation against unions, the unfettered fraud in the securities markets which has resulted in Security Act legislation. The excessive costs in the health industry have already resulted in government controls which will become even more restrictive if that abuse continues.

These are a few of the instances where abuses have resulted in government control.

The public perception of lawyers is that some of those who practice law are, to say the least, overzealous in charges for legal services.

If fees are not reduced by the Court to a reasonable amount, then Congress will do so as it has when other professions and organizations have abused the system. This Court does not wish to see politicians control attorneys' fees.

As to the other factors to be considered as set out in *Georgia v. Highway Express, supra*, the Court does not believe this was a novel or difficult case; the attorneys demonstrated professional but not unusual skill; the case did not significantly preclude other employment; the customary fee for the matter should not exceed $2,500.00; the fee was based on an hourly rate, not on a contingency; there were no time limitations imposed by the client; the amount involved—$300.00—claimed and the results obtained were not significant; the attorneys are experienced and have a good reputation; the case was not undesirable; and the Court is not aware of the nature and length of the professional relationship between the Plaintiffs and the attorneys. Finally, the Court is not aware of awards in similar cases.

C. *Defendant's motion for attorney's fees.*

■ Defendant appears to contend that it is entitled to attorney's fees incurred after November 14, 1990. Rule 11 of the Federal Rules of Civil Procedure permits the Court to impose sanctions if Plaintiffs' conditional acceptance of the Offers of Judgment was not "well grounded in fact"

or was "not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law".

The notice of Offers of Judgment submitted by Defendant appear to cover the entire complaint. Moreover, correspondence between the parties also indicate that Defendant intended the Offers of Judgment to dispose of the case in its entirety. Therefore, there appears to be little factual support for Plaintiffs' statement in the acceptances that "[D]efendant has made no Offer of Judgment concerning Plaintiff(s') request for injunctive relief and for a declaratory judgment".

The Court believes that Defendant is entitled to the award of attorney's fees under Rule 11. On May 10, 1991, counsel for Defendant filed an affidavit attesting to the fact that he had spent only approximately seven (7) hours working on this case. Accordingly, the Court will award to Defendant for its attorney's fees the amount of $700.00. This amount is to be offset against the attorney's fees awarded to Plaintiffs.

### III. CONCLUSION.

Rule 68 does not permit conditional acceptances of Offers of Judgment. Accordingly, it is erroneous for Plaintiffs to contend that no Offers of Judgment were made regarding the portion of the complaint addressing equitable relief. However, the Court has found that Plaintiffs timely filed an amended acceptance which subjects the entire complaint to the purview of the Offers of Judgment.

Defendant concedes that Plaintiffs are entitled to be awarded *reasonable* attorney's fees incurred prior to the acceptance of the Offers of Judgment. However, Plaintiffs' actual damages were only $300.00. Therefore, the Court believes that it was unreasonable for Plaintiffs to incur attorney's fees in excess of $14,-000.00. Moreover, to award Plaintiffs attorney's fees incurred after November 14, 1990 would be inconsistent with the clear purpose of Rule 68.

The Court believes Plaintiffs' position regarding the conditional acceptance of the Offers of Judgment was not well grounded in fact. Therefore, Rule 11 sanctions, including awarding Defendant the attorney's fees incurred in bringing its motion, are warranted in this case.

### IV. ORDER OF COURT.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant's motion for an Order that this case is final pursuant to Rule 68 or in the alternative setting aside the Rule 68 Offer and Acceptance of Judgment be, and hereby is, GRANTED;

(2) Defendant's motion for attorney's fees be, and hereby is, GRANTED IN THE AMOUNT OF SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS;

(3) Plaintiffs' motion for attorney's fees is GRANTED IN THE AMOUNT OF EIGHTEEN HUNDRED AND NO/100 ($1,800.00) DOLLARS (after the offset of $700.00 for Defendant's attorney's fees); and

(4) The Plaintiffs' motion for expenses in the amount of EIGHT HUNDRED THIRTY EIGHT AND 25/100 ($838.25) DOLLARS is GRANTED.