**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-1913**

—————

KIM EDWARD BEVIER; CIRRUS SOFTWARE LLC,

            Plaintiffs - Appellants,

      v.

BLUE CROSS & BLUE SHIELD OF SOUTH CAROLINA; PALMETTO GBA
LLC;   TRICENTURION   INCORPORATED;   TRAILBLAZER   HEALTH
ENTERPRISES, LLC; DIVERSIFIED SERVICE OPTIONS, INCORPORATED,

            Defendants - Appellees.

—————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:08-cv-00575-CMC)

—————

Submitted:  July 10, 2009          Decided:  July 24, 2009

—————

Before WILKINSON and NIEMEYER, Circuit Judges,  and HAMILTON,
Senior Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Wallace K. Lightsey, Meliah D. Bowers, WYCHE, BURGESS, FREEMAN &
PARHAM, PA, Greenville, South Carolina, for Appellants.   M.
Dawes Cooke, Jr., B. Craig Killough, John William Fletcher,
BARNWELL, WHALEY, PATTERSON & HELMS, LLC, Charleston, South
Carolina, for Appellees.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kim Bevier, a computer software engineer and sole proprietor of Cirrus Software LLC ("Cirrus"), appeals the district court's denial of his motion for a permanent injunction and for reconsideration of the entry of judgment. On appeal, Bevier contends that the district court erred in determining that Bevier's acceptance of the Defendants' Fed. R. Civ. P. 68 offer of judgment encompassed both the legal and equitable claims presented in Bevier's complaint, and therefore precluded the entry in this action of an order permanently enjoining the Defendants from continued infringement on Bevier's copyright for the Bean 3270 software. We affirm.

Generally, we review the grant or denial of injunctive relief for abuse of discretion. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 939 (4th Cir. 1995). However, where a district court's decision is based "solely on a premise and interpretation of the applicable rule of law," our review is de novo. Eisenberg ex rel. Eisenberg v. Montgomery County Pub. Schs., 197 F.3d 123, 128 (4th Cir. 1999); see also Jason D.W. by Douglas W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 208 (5th Cir. 1998) ("[I]nterpretation of Rule 68 is an issue of law . . . review[ed] de novo."). Here, the district court based its decision to deny the injunction solely on its interpretation of Rule 68, determining Bevier's acceptance

2

resolved his claim for injunctive relief.  Accordingly, the appropriate standard of review is de novo.

Rule 68(a) states:

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  "The plain purpose of Rule 68 is to encourage settlement and avoid litigation."  Marek v. Chesny, 473 U.S. 1, 6 (1985).  In furtherance of these ends, an offer under Rule 68 must be unconditional in order to be effective. Whitcher v. Town of Matthews, 136 F.R.D. 582, 585 (W.D.N.C. 1991).  Thus, "offers including only monetary damages but excluding equitable or injunctive relief would . . . be inconsistent with" Rule 68.  Id.  Correspondingly, to allow a plaintiff to "only accept the [o]ffers of [j]udgment as to monetary damages would cause [an] action to remain pending as to equitable relief — a result clearly inconsistent with the purpose of the Rule."  Id.

Moreover, the fact that an accepted Rule 68 offer of judgment disposes of the entire proceeding between the parties is apparent from its own terms.  The final sentence of Rule 68(a) mandates that, when a party has filed the offer, notice of

3

acceptance, and proof of service, "[t]he clerk must then enter judgment."  This language indicates that a Rule 68 offer of judgment is self-executing — "[t]he court generally has no discretion whether or not to enter the judgment."  Ramming v. Natural Gas Pipeline Co. of Am., 390 F.3d 366, 370-71 (5th Cir. 2004) (collecting cases confirming the self-executing nature of Rule 68).  Though rare exceptions to this rule exist,[*] it is clear that in this instance, the district court had no option but to enter the judgment, effectively ending the litigation.

Bevier contends that an offer of judgment "may encompass either the entire dispute, or only a portion of the dispute."  In support of this contention, he cites Said v. Va. Commonwealth Univ./Med. Coll. of Va., 130 F.R.D. 60 (E.D. Va. 1990).  However, Said does not stand for the proposition that an offer of judgment may encompass only a portion of a dispute.  In Said, the offer specifically allowed for the payment of undetermined accrued costs.  The court needed only to determine whether such costs included attorney's fees.  The instant situation would only be analogous were the Defendants' offer to

---

[*] Specifically, in class actions, a district court has an independent duty under Fed. R. Civ. P. 23(e) to review the acceptability of a settlement.  Alternatively, a district court will not "enter judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement."  Perkins v. U.S. W. Commc'ns., 138 F.3d 336, 338 n.5 (8th Cir. 1998).

4

have included some undefined reference to injunctive relief. As no such terms were included in the offer, <u>Said</u> does not advance Bevier's argument.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>