OPINION OF THE COURT
Randy Sue Marber, J.
The motion, pursuant to CPLR 3211 (a), by the defendant, New York Islanders Hockey Club, L.P., seeking an order dismissing the plaintiffs’ amended complaint, is decided as provided herein.
In early 2015, the plaintiffs, Shaun Zeitlin and Lisa Pellegrino, commenced the within, putative class action as against the defendant, New York Islanders Hockey Club, L.P. (see amended complaint 14-21). In substance, the plaintiffs allege that they and other similarly situated fans purchased 10-ticket, New York Islander hockey play-off packages which were deceptively advertised and promoted by the defendant (id. M 14-21).
More specifically, the plaintiff, Zeitlin, claims that the package was marketed as including 10, $60 face value tickets, for *513 which he paid a total price of $1,225 for two of the packages (20 tickets at $60 per ticket, plus a $25 convenience charge). When the tickets arrived, however, he actually received tickets with an aggregate face value of only $1,034, i.e., he received 18 tickets with a face value of $50 and two tickets with a face value of $67, totaling $166 less than the $60 per ticket price the plaintiff was charged for the package (id. M 14-16). Notably, the record indicates that some 449 fans purchased the ticket package. However, only 119 purchasers overpaid for the package based upon the value of the tickets they ultimately received. According to the defendant, ticket substitutions were made because the plan generated an overwhelming response, which made it necessary to substitute games with a lesser face value for sold-out, premium-type games.
Based upon these facts and others, the amended complaint (which adds Lisa Pellegrino as a new party plaintiff) interposes two causes of action based on violations of General Business Law § 349 and Arts and Cultural Affairs Law § 25.29. The amended complaint alleges, inter alia, that the defendant engaged in false and deceptive business practices by failing to disclose to the plaintiffs (and other class members) that ticket purchasers would be charged a play-off premium and/or receive inferior tickets with a lesser face value than that for which they bargained.
After the defendant learned of the plaintiffs’ claims, it contacted most of the 119 overpaying patrons and offered refunds in settlement of any claims. The defendant contends that, to date, all but eight of the 119 overpaying customers, excluding the two plaintiffs, have accepted the refund offer and executed irrevocable written releases (see Romano aff ff 1-2). Relatedly, in early April of 2015, the defendant served upon the plaintiffs, Zeitlin and Pellegrino, an “Offer to Compromise” the action pursuant to CPLR 3221* although neither Zeitlin nor Pellegrino accepted the settlement offer within the 10-day statutory acceptance period. Notably, the defendant’s April 2015 compromise offer states, in part, that the defendant *514 agreed to the entry of judgment as against it in amounts equal to the face value overpayments made by Zeitlin and Pellegrino ($166 for Zeitlin and $132 for Pellegrino), together with accrued interest, costs, disbursements and reasonable counsel fees.
Thereafter, the plaintiffs moved for injunctive relief with respect to their claims. More particularly, the plaintiffs sought relief, inter alia, enjoining the defendant from communicating, utilizing and/or enforcing the individual settlement offers made to members of the plaintiffs’ proposed class until such time as the court reviewed and approved the contents of the communications.
By order dated May 14, 2015, this court denied the plaintiffs’ motion for preliminary injunctive relief (2015 NY Slip Op 31539[U] [2015]).
The defendant now moves, in effect, to compel the plaintiffs to accept its compromise offer and for dismissal of the amended complaint pursuant to, inter alia, CPLR 3211 (a). In sum, the defendant contends that since its unaccepted, April 2015 offer allegedly provides full and complete relief to the plaintiffs, it thereby moots both the plaintiffs’ individual and class action claims. The defendant alternatively contends that the plaintiffs’ class action claims are defective for the additional reason that, with less than 10 potential class members remaining, the plaintiffs cannot demonstrate compliance with applicable class action numerosity requirements (see CPLR 901 [a] [1]).
Insofar as the defendant’s motion is predicated upon the provisions of CPLR 3221, the court disagrees that a dismissal remedy is supported by the statute. Although the purpose of CPLR 3221 is to encourage settlements, there is nothing in the statute suggesting that an unstated dismissal sanction was contemplated or intended. Neither does the statute permit a court to affirmatively compel a claimant to accept a statutory offer of compromise (Margulis v Solomon & Berck Co., Inc., 223 App Div 634, 635 [1st Dept 1928]). To the contrary, “CPLR 3221 provides its own remedy for a party’s nonacceptance of such offer by rendering said party liable for any costs accrued subsequent to the time of the offer if the party ultimately fails to obtain a more favorable judgment” (Show Lain Cheng v Young, 25 Misc 3d 1227[A], 2008 NY Slip Op 52699[U], *8 [Sup Ct, NY County 2008], affd 60 AD3d 989 [2009]). It bears noting that CPLR 3221 is ostensibly applicable, by its terms, to all offers of compromise, without reference to specific monetary *515 amounts, and expressly limits the consequences of nonacceptance to the payment of costs. If the legislature intended to confer upon a court the power to unilaterally compel acceptance of a compromise offer, or to permit it to dismiss an action based on a claimant’s rejection of an offer, it could, and presumably would, have stated as much.
The court also disagrees that the action is dismissible upon the alternative theory that the defendant’s unaccepted settlement offer moots the action or renders it non-justiciable as a matter of law. Preliminarily, the contention that a separate dismissal remedy exists based on mootness concepts arguably conflicts with the remedy provisions of CPLR 3221, a statute which deals directly with settlement offers and which expressly limits the consequences of rejecting a compromise offer to the imposition of costs (Show Lain Cheng, 2008 NY Slip Op 52699[U], *8; see also Margulis v Solomon & Berck Co., Inc., 223 App Div 634, 635 [1928]; 6B Carmody-Wait 2d § 41:46).
In any event, although New York courts have considered and applied the mootness doctrine in a variety of contexts, albeit with contexts factually dissimilar from that involved here (see generally Coleman v Daines, 19 NY3d 1087, 1090 [2012]; City of New York v Maul, 14 NY3d 499, 506-507 [2010]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]), the defendant has not cited to any New York State appellate authorities holding that a court can dismiss an action because a claimant has rejected a proposed CPLR 3221 compromise offer (Show Lain Cheng, 2008 NY Slip Op 52699 [U], *8; cf. Aragona v Allstate Ins. Co., 41 Misc 3d 242, 247 [Nassau Dist Ct 2013]). The defendant’s citation to the line of federal cases, construing the subject jurisdictional import of settlement offers, is not determinative. While federal courts have dismissed cases as moot on subject matter grounds where a settlement offer provides complete relief to a claimant (Doyle v Midland Credit Mgt., Inc., 722 F3d 78, 80-81 [2d Cir 2013]; Automobile Ins. Co. of Hartford, Conn. v Electrolux Home Prods., Inc., 2011 WL 3295510, *2-3, 2011 US Dist LEXIS 83974, *4-8 [WD NY, Aug. 1, 2011, No. 08-CV-623A]; see Hepler v Abercrombie & Fitch Co., 607 Fed Appx 91, 92 [2d Cir 2015]; Tanasi v New Alliance Bank, 786 F3d 195, 198-199 [2d Cir 2015]; Fed Rules Civ Pro rule 68), federal courts are constrained by the case or controversy, jurisdictional limitations set forth in article III of the United States Constitution, “a requirement that has no *516 analogue in the State Constitution” (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]; McCauley v Trans Union, L.L.C., 402 F3d 340, 341 [2d Cir 2005]; Fox v Board of Trustees of State Univ. of N.Y., 42 F3d 135, 140-141 [2d Cir 1994]; Automobile Ins. Co. of Hartford, Conn. v Electrolux Home Prods., Inc., 2011 WL 3295510, 2011 US Dist LEXIS 83974 [2011]). Even assuming that federal justiciability concepts can be engrafted onto state-law mootness principles within this context, federal courts have nevertheless held that “a case ‘becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party,’ ” and further, that “[a]s ‘long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot’ ” (Chafin v Chafin, 568 US —, —, 133 S Ct 1017, 1019 [2012], quoting Knox v Service Employees, 567 US —, —, 132 S Ct 2277, 2287 [2012]; see also McCauley v Trans Union, L.L.C., 402 F3d at 341-342). Here, the record indicates that the plaintiffs have raised statutory claims based upon, inter alia, General Business Law § 349, claims which could potentially authorize a damages award in excess of the defendant’s compromise offer (see General Business Law § 349 [h]; see generally Stutman v Chemical Bank, 95 NY2d 24, 29-30 [2000]). Moreover, at this early stage of the action, the underlying substantive merit of the plaintiffs’ claims has not yet been definitively assessed.
The court agrees, however, that the plaintiffs cannot demonstrate compliance with applicable class action numerosity requirements (see CPLR 901 [a] [1]). Although there is no mechanical or precise test to determine whether the numerosity test has been met (Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 137-138 [2008]; Friar v Vanguard Holding Corp., 78 AD2d 83, 96 [1980]), it has been repeatedly held that “ ‘the threshold for impracticability of joinder seems to be around forty’ ”; although conversely, it has been held that the numerosity requirement will not be satisfied when the class comprises 21 or fewer claimants (Galdamez v Biordi Constr. Corp., 13 Misc 3d 1224[A], 2006 NY Slip Op 51969[U], *2 [Sup Ct, NY County 2006], affd 50 AD3d 357 [1st Dept 2008], quoting Dornberger v Metropolitan Life Ins. Co., 182 FRD 72, 77 [SD NY 1998]; MacNamara v City of New York, 275 FRD 125, 137 [SD NY 2011]; accord Thomas v Meyers Assoc., L.P., 39 Misc 3d 1217[A], 2013 NY Slip Op 50650[U], *9-10 [Sup Ct, NY County 2013]; Jara v Strong Steel Door, Inc., 20 Misc 3d 1135[A], 2008 *517 NY Slip Op 51733 [U] [Sup Ct, Kings County 2008]; see Consolidated Rail Corp. v Town of Hyde Park, 47 F3d 473, 483 [2d Cir 1995]).
The plaintiffs do not dispute that, apart from themselves, fewer than 10 non-settling claimants remain. Nor do the plaintiffs dispute that the foregoing number of potential claimants would fall below the generally accepted class action numerosity threshold. Instead, the plaintiffs speculate that a substantially larger class of potential claimants, over 40, could result if this court grants their related application for injunctive relief, since there would then allegedly exist the possibility that some of the previously executed releases could be voided (plaintiffs’ mem of law at 10-11).
However, by order, dated May 14, 2015, this court denied the plaintiffs’ application for preliminary injunctive relief and disagreed with their claims that, inter alia, the defendant’s precertification settlement communications contravened any relevant polices governing class action lawsuits (2015 NY Slip Op 31539[U], *6 [2015]). The plaintiffs have not otherwise addressed the defendant’s numerosity claims or adequately demonstrated how or why the small number of remaining potential claimants would comprise a viable class within the meaning of CPLR 901 (a) (1).
The court has considered the parties’ remaining contentions and concludes that they are lacking in merit.
Accordingly, it is hereby ordered that the defendant’s motion, pursuant to CPLR 3211 (a), seeking an order dismissing the plaintiff’s complaint, is granted, only to the extent that the plaintiffs’ class action claims are dismissed.
All applications not specifically addressed herein are denied.

 CPLR 3221 states in part that “at any time not later than ten days before trial, any party against whom a claim is asserted, and against whom a separate judgment may be taken, may serve upon the claimant a written offer to allow judgment to be taken against him . . . .” The statute further provides that “[i]f the offer is not accepted and the claimant fails to obtain a more favorable judgment, he shall not recover costs from the time of the offer, but shall pay costs from that time” (see Siegel, NY Prac § 303 at 507 [5th ed 2011]).