Matter of Stewart v Roberts (2018 NY Slip Op 04609)





Matter of Stewart v Roberts


2018 NY Slip Op 04609


Decided on June 21, 2018


Appellate Division, Third Department


Rumsey, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525064

[*1]In the Matter of TRICIA STEWART, Individually and as the Parent of ZAS et al., and on Behalf of Similarly Situated Individuals, Respondent- Appellant,
v
SAMUEL D. ROBERTS, as Commissioner of the Office of Temporary and Disability Assistance, Appellant- Respondent, et al., Respondent.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for appellant-respondent.
Susan C. Antos, Empire Justice Center, Albany, and Julie B. Morse, Legal Services of Central New York, Syracuse, for respondent-appellant.


Rumsey, J.

Cross appeal from a judgment of the Supreme Court (Collins, J.), entered August 23, 2017 in Albany County, which, among other things, in a combined proceeding pursuant to CPLR [*2]article 78 and action for declaratory judgment, (1) partially granted petitioner's cross motion for summary judgment, and (2) denied petitioner's motion for class certification.
In May 2015, the Onondaga County Department of Social Services (hereinafter DSS) denied petitioner's application for public assistance on the basis that she had resources in excess of the permitted limit of $2,000. At the time of her application, petitioner had bank accounts with a total balance of $248 and owned an automobile with a fair market value (hereinafter FMV) of $12,113. As relevant here, an automobile is exempt, by statute, from consideration as an available resource, up to a FMV of $9,300. DSS determined that $2,813 — the amount by which the FMV of petitioner's automobile exceeded the $9,300 exemption amount — was an available resource, and, therefore, that petitioner had available resources totaling $3,061. Petitioner appealed to the Office of Temporary and Disability Assistance (hereinafter OTDA) for a fair hearing, which was held in July 2015. Petitioner submitted proof showing that she had financed her purchase of the automobile, in part, with a loan that was secured by a lien on the automobile on which the outstanding principal balance was $13,301, and argued that her automobile should not be considered an available resource because the outstanding loan balance exceeded the FMV by $1,188. The Administrative Law Judge affirmed DSS's denial of benefits.
In November 2015, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking class certification and to annul OTDA's fair hearing determination and directing DSS to award her benefits. After answering, respondent Commissioner of OTDA (hereinafter respondent) moved for summary judgment dismissing the petition/complaint. Petitioner cross-moved for summary judgment on all of her claims for relief and separately moved for class certification. Upon determining that OTDA's policy regarding automobile valuation for purposes of determining available resources violates applicable law, Supreme Court partially granted petitioner's cross motion by annulling OTDA's determination, and it remitted the matter to OTDA for calculation of the amount of retroactive benefits due petitioner. In addition, the court denied petitioner's motion for class certification and respondent's motion for summary judgment. Respondent appeals, and petitioner cross-appeals the denial of her motion for class certification.[FN1]
Respondent argues that Supreme Court erred in annulling OTDA's determination because the FMV in excess of the exempt amount ($9,300) is always an available resource, regardless of whether an automobile is encumbered by debt. Petitioner contends that only an applicant's equity interest in the automobile may be considered an available resource. "Where, as here, the issue is one of pure statutory construction, no deference need be accorded to [OTDA's] interpretation of the statutory framework" (Matter of Liberius v New York City Health & Hosps. [*3]Corp., 129 AD3d 1170, 1171 [2015] [citations omitted]; see Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 151 AD3d 1532, 1535 [2017], lv granted 30 NY3d 913 [2018]; Matter of Logan v New York City Health & Hosp. Corp., 139 AD3d 1200, 1202 [2016]).
Public assistance must be provided only to individuals who are in need — a determination that the statute provides is based on the extent of their "available income or resources which are not required to be disregarded by other provisions of this chapter" (Social Services Law § 131-a [1]). Notably, available resources must be utilized to eliminate or reduce the need for public assistance (see 18 NYCRR 352.23 [a]). As relevant here, the following resources are exempt and, therefore, are disregarded in determining the eligibility of any household for public assistance: (1) cash and resources of up to $2,000, and (2) one automobile with a FMV of up to $9,300 (see Social Services Law § 131-n [1] [a], [former (e)]).[FN2]
The first step in determining the extent to which an applicant's automobile is an available resource is to determine the extent of the available exemption based on the FMV of the automobile (see Social Services Law § 131-n). If the automobile has a FMV of less than the amount specified by statute, the inquiry ends; in such cases, the automobile is exempt regardless of whether it is encumbered by a loan. However, where, as here, the FMV of the vehicle exceeds the specified maximum exemption, a second determination must be made regarding the extent to which the excess FMV constitutes an available resource (see Social Services Law § 131-a; 18 NYCRR 352.23). In that regard, it is instructive that "[t]he amount of real and personal property, including liquid assets, that can be reserved for each public assistance household must not be in excess of $2,000 equity value" (18 NYCRR 352.23 [b] [emphasis added]). Only the net amount that could be received upon the sale of an asset that is encumbered by an outstanding loan balance, i.e., the FMV less the outstanding loan balance, could be available to eliminate or reduce an applicant's need for public assistance. The arbitrary nature of OTDA's contrary position is aptly illustrated in this case, where the sale of the vehicle would not have generated any resources that petitioner could have used to meet her own support needs. Indeed, based on the automobile's FMV, she would not have received enough upon its sale to pay the entire outstanding loan balance. For these reasons, we conclude that Supreme Court properly held that the extent to which the FMV of an automobile that exceeds the exempt amount is an available resource must be determined based on the applicant's equity interest therein, and that OTDA's contrary interpretation was irrational and unreasonable.
With regard to petitioner's cross appeal, we find that Supreme Court erred in denying her motion for class certification without affording her the opportunity for discovery on this issue [FN3]. To prevail on her motion, petitioner was required to establish "1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901 [a]).
Initially, in opposition to petitioner's motion for class certification, respondent relied primarily on the governmental operations rule, which provides that class actions are not a superior method for resolving multiple claims against administrative agencies because stare decisis will protect the potential class members by ensuring prospective application of a favorable judgment. Although that principle applies to prospective claims, petitioner also seeks retroactive benefits for prospective class members whose applications have already been denied. Where, as here, a class action provides the only mechanism available to secure retroactive benefits for potential class members, the governmental operations rule does not bar maintenance of a class action (see Matter of Brown v Wing, 170 Misc 2d 554, 560 [Sup Ct, Monroe County 1996], affd for reasons stated below 241 AD2d 956 [1997]). Moreover, class actions are deemed a superior method for adjudication of a controversy where, as here, the members of a proposed class are indigent individuals who seek modest benefits and for whom commencement of individual actions would be burdensome (see id.).
With respect to the first factor set forth in CPLR 901 (a), there is no bright-line test for determining whether the requirement of numerosity has been met; rather, each case depends on the particular circumstances of the proposed class (see Friar v Vanguard Holding Corp., 78 AD2d 83, 96 [1980]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:4). Notwithstanding the lack of a bright-line rule, the Court of Appeals has noted that the Legislature contemplated classes with as few as 18 members (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]; see also Zeitlin v New York Islanders Hockey Club, L.P., 49 Misc 3d 511, 516-517 [Sup Ct, Nassau County 2015] [reviewing cases and concluding that the lower limit for class sizes is approximately 20 members]; Vincent C. Alexander, 2016 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:4, 2018 Supp Pamph, at 12).
The present record does not permit a determination of whether petitioner met her burden of establishing that the class is sufficiently numerous under the foregoing principles. The class proposed by petitioner includes all individuals who were negatively affected by a determination that was made within the four months immediately prior to commencement of this proceeding/action, based upon their ownership of an automobile with a FMV exceeding the amount of the exemption established by Social Services Law § 131-n who also had equity in the automobile less than the amount of the general resource exemption. Respondent argues that the proposed class must be limited to those individuals who exhausted their administrative remedies; on the present record, there appear to be only seven such individuals, which would be an insufficient number to warrant certification of a class action. However, although administrative remedies must ordinarily be exhausted prior to commencing litigation against an administrative agency, exhaustion is not required where resort to an administrative remedy would be futile (see Coleman v Daines, 79 AD3d 554, 560-561 [2010], affd 19 NY3d 1087 [2012]; see also Matter of Amsterdam Nursing Home Corp. v Commissioner of N.Y. State Dept. of Health, 192 AD2d 945, 947 [1993], lv denied 82 NY2d 654 [1993]). Here, an administrative appeal would have been futile in light of respondent's policy that required hearing officers to apply, in all cases, the very rule that petitioner now challenges. Accordingly, the prospective class properly includes all individuals who were negatively affected by a determination that was made within the four months immediately prior to commencement of this proceeding/action based on application of the challenged rule.
However, the present record does not permit identification of the number of individuals who were the subject of adverse action based on application of respondent's erroneous rule within the specified time period. The petition seeks a judgment directing respondent to identify all individuals meeting the characteristics of the proposed class and, in her brief on appeal, she again seeks discovery regarding class size. Timely requests for disclosure on the issue of numerosity must be granted (see Meraner v Albany Med. Ctr., 199 AD2d 740, 742 [1993]; Chimenti v American Express Co., 97 AD2d 351, 352 [1983], appeal dismissed 61 NY2d 669 [1983]; Spatz v Wide World Travel Serv., 80 AD2d 519, 520 [1981]; Simon v Cunard Line, 75 AD2d 283, 289-290 [1980]; see also DeLuca v Tonawanda Coke Corp., 134 AD3d 1534, 1535 [2015], lv denied 137 AD3d 1633 [2016]; Chavarria v Crest Hollow Country Club at Woodbury, Inc., 109 AD3d 634, 634 [2013]).
Supreme Court found that requiring respondent to identify proposed class members would be administratively cumbersome because it would require review of more than 12,000 applications. However, petitioner noted that OTDA maintains a coding system that would permit a search of its electronic database to identify applicants who were denied benefits for having excess resources where the disqualifying resources included an automobile. Petitioner's request for discovery on the issue of numerosity is governed by "the broad disclosure standard articulated in CPLR 3101 (a) encompassing 'all matter material and necessary in the prosecution or defense of an action', balanced by the court's ability to issue a protective order to prevent abuse" (Casey v Prudential Sec., 268 AD2d 833, 834 [2000, Graffeo, J.], quoting CPLR 3103 [a]). Moreover, her request must be evaluated based on the possibility that a search of OTDA's electronic database [*4]would sufficiently identify the likely size of the proposed class, even if the resulting evidence would be insufficient to establish the precise number of class members (see e.g. Kudinov v Kel-Tech Constr., Inc., 65 AD3d 481, 481 [2009]; Weinberg v Hertz Corp., 116 AD2d 1, 6 [1986], affd 69 NY2d 979 [1987]). Accordingly, respondent failed to establish that the requested discovery should be denied, and Supreme Court erred in denying petitioner's motion for class certification without first granting her request for discovery on the issue of numerosity. Thus, the matter must be remitted to permit such discovery and, upon completion of that discovery, for Supreme Court to decide petitioner's motion for class certification.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion for class certification; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1:Supreme Court also granted a motion by respondent Commissioner of Social Services of Onondaga County for dismissal of the petition/complaint against her, but petitioner does not challenge said determination on her cross appeal.

Footnote 2:When petitioner applied for public assistance, the exemption for an automobile used to seek or retain employment was limited to $9,300. Social Services Law § 131-n was amended, effective May 19, 2016, increasing the exemption for that purpose; it is currently $12,000 (see L 2016, ch 54, § 1).

Footnote 3:Petitioner's motion for class certification was timely because it was made less than 60 days after respondent's answer was served (see CPLR 902). Moreover, it was served concurrently with her opposition to respondent's summary judgment motion before submission of respondent's motion for a determination on the merits (cf. O'Hara v Del Bello, 47 NY2d 363, 369 [1979]).